CATHARINE BRIGGS, WILLIAM J. GIDDAY, ORRIN BUTTER-FIELD, MARTIN DUNN AND WILLIAM A. STUART
v. ABBIE MILBURN.

*Demurrer—Plea in bar—Judgment in replevin in mitigation of damages for trespass.*

If a declaration alleges a substantial grievance, any objections for mere inartificiality must be raised by demurrer.

A former judgment cannot be shown in bar of an action, unless it has been pleaded in bar.

A judgment in replevin was allowed to be shown in mitigation of damages in trespass for the detention of the property.

A jury's verdict cannot be reviewed where they had evidence to act on.

Counsel are rebuked for suggesting that the record does not fairly state the facts.

Exemplary damages are properly imposed for willful trespass, insulting conduct, and injury to business, done under an unlawful pretext of legal proceedings.

Error to Superior Court of Detroit. Submitted January 31. Decided April 9.

TRESPASS. Defendants bring error.

*C. C. Stewart* and *J. Galloway* for plaintiffs in error.

*Brennan & Donnelly* for defendant in error.

CAMPBELL, C. J.   Mrs. Milburn, the defendant in error, sued plaintiffs in error in trespass, for breaking into her house and removing certain furniture and offering her personal indignities.   Special damage was averred in her business as a boarding-house keeper.

Upon the trial evidence was given tending to make out the case alleged, and damages were assessed in her favor.   Several questions are presented by the bill of exceptions.   The plea was the general issue without any notice of special matter.

It was first objected that the declaration presents no cause of action.   We do not quite understand the meaning of this objection.   No demurrer was put in, and the omission of some of the verbiage common in the precedents cannot, where there is no demurrer, make a declaration bad which sets forth substantial grievances.   The objection in the court below pointed out, so far as the record shows, no particular ground of insufficiency.   If it had done so, there was nothing that stood in the way of an amendment, if one would have been desirable. The testimony was full on the grievances charged.   We have discovered nothing on which to found any substantial objection.

It appeared that the furniture taken away was obtained by a fraudulent entrance under false pretenses, and was claimed under a chattel mortgage which had ceased to have any legal validity.   Mrs. Milburn got it back on replevin and recovered in the replevin suit eight dollars for its detention.   Defendants below offered the evidence of the replevin proceedings in bar of this action. The court refused to receive the evidence for that purpose, but ruled it might be used in mitigation of damages.

We do not see how the judgment in a replevin suit

could usually be a bar to an action for unlawful trespass and personal wrongs distinct from the detention of property. But however this may be, the ruling was clearly right that a former judgment to be used for any such purpose must be pleaded in bar. There are good reasons why damages confined to the detention of the property itself should not be recovered twice, and this was fully secured by receiving the replevin record in mitigation. This was all that could be asked on such a state of pleadings.

The remaining errors may all be considered together. They relate to an alleged absence of evidence to charge Mrs. Briggs for any malicious conduct or for any concurrence in the trespass, and to the question of exemplary damages.

The relations of Mrs. Briggs to the transaction were the subject of proof, and as there was evidence which the jury could act upon, we cannot overrule their action. The suggestions of counsel that the record does not fairly set out the facts are improper, and should not have been spread upon their brief. There is not the slightest ground for insinuating that the conscientious Judge of the Superior Court, of whose valuable services the State has been deprived by his lamented death, deprived the parties of any of their rights.

The question of exemplary damages is covered by a uniform course of decision in this State. There was evidence of a willful invasion of the house of Mrs Milburn, and of insulting conduct, and injury resulting to her business, and that all which occurred was under an unlawful pretext. We must assume the jury gave due weight to any pretext that the parties thought they were justified. And we must also assume that if exorbitant damages were given, the Superior Court on application would have granted relief.

We find no error, and the judgment must be affirmed with costs.

The other Justices concurred.