## CHARLES PORTER v. ELISHA LEACHE.

*Suit on bond—Non-joinder—Former judgment.*

1. Suit on a bond against one of two obligors is good if the non-joinder of the other is not pleaded in abatement.

2. Former judgment must be specially pleaded and cannot be shown under the general issue.

3. Including a surety on appeal or certiorari in the judgment rendered against his principal is not the only way to hold him, and if he objects to such a judgment he cannot complain of its being set aside as to 'himself; and if in a subsequent action against him on the bond, he shows such former judgment as a defense, it is proper to rebut this by testimony that it was vacated because he had notified the plaintiff's attorney that no judgment could be given against him without a direct suit on the bond.

Error to Wayne. (Chambers, J.) Jan. 15.—Jan. 21.

DEBT. Plaintiff brings error. Reversed.

*James H. Pound* for appellant. One cannot be subjected to a judgment without being sued: *Willard v. Fralick* 31 Mich. 432; *Bondie v. Bourassa* 46 Mich. 321; *Reed v. Northrup* 50 Mich. 442.

*Henry M. Cheever* for appellee.

CAMPBELL, J. Plaintiff sued defendant on a certiorari bond, which he signed as surety of one Robert G. Moodie On the affirmance of the justice's judgment upon which the

certiorari was brought, judgment was rendered against Moodie, and then or thereafter,—it not distinctly appearing when,—an interlineation appeared, including defendant in the same judgment, and execution appears to have been issued. Subsequently the circuit court vacated this judgment as against Leache, on a stipulation signed by the attorneys for the plaintiff and defendant in certiorari.

Suit is now brought before a justice against Leache on the bond, and to this he pleaded nothing but the general issue, and judgment passed against him which he appealed to the circuit, where he was allowed to defend by showing the former judgment and execution and other proceedings. Plaintiff thereupon offered to show that the judgment against Leache was vacated in consequence of his notifying plaintiff's attorney that he regarded it as rendered without legal authority, and that no judgment could be rendered against him without direct suit on the bond. The circuit judge ruled out this testimony and directed a verdict for defendant.

We think this was error. The law which allows a judgment to be rendered against surety on appeal or certiorari does not make that the only proper method of holding him, and when he objects to such a judgment he cannot complain if it is vacated. And a suit on the bond against one of two obligors is good if the non-joinder of the other is not pleaded in abatement.

Moreover it is not competent under the general issue to rely on a former judgment. It must be specially pleaded.

There was no foundation for the rulings of the circuit judge, and the judgment must be

Reversed with costs and a new trial granted.

The other Justices concurred.