### HAYES v. COLUMBUS, L. & M. RY. CO. et al.

#### (Circuit Court, N. D. Ohio, W. D. May 18, 1895.)

#### No. 1,080.

COURTS—JURISDICTION—POSSESSION OF PROPERTY INVOLVED.

A suit was instituted in a federal court against a railway company for the purpose of marshaling liens and bringing its property to a sale. A receiver was appointed, who took possession of the property of the company, consisting chiefly of an unfinished roadbed. Pending such suit, application was made to the federal court for leave to make the receiver a party to a suit in a state court, instituted under a state statute, for the purpose of condemning and appropriating a part of the roadbed as abandoned. *Held*, that the court should not permit the property held by it for the benefit of creditors and lienors to be subjected to the jurisdiction of another court, and to possible dismemberment, but should hasten the proceedings for a sale, under its own direction, in order that the rights of all parties might be preserved.

This was a suit by Otho L. Hayes, receiver of the Lima National Bank, against the Columbus, Lima & Milwaukee Railway Company, to marshal liens and bring about a sale. A receiver of the property of the defendant having been appointed, the Lima & Northern Railway Company applied for leave to make such receiver a party to an action pending in a state court.

Hoyt, Dustin & Kelley, for receiver.

Cable & Parmenter, for complainant.

W. B. Richie, C. N. Haskell, and Watts & Moore, for Lima & N. Ry. Co.

RICKS, District Judge. This case was instituted some months ago by the complainant for the purpose of marshaling the liens and bringing to sale the property of the Columbus, Lima & Milwaukee Railway Company, to the end that the proceeds of such sale might be distributed among the creditors according to their priorities and equities. In the meantime a receiver was appointed to take charge of the property. The latter consists mostly of an unfinished roadbed and valuable franchises and corporate privileges, for which it is claimed that nearly half a million of dollars have been expended. While said property is so in the possession of this court, the petitioner, the Lima & Northern Railway Company, makes application for leave to sue the receiver in the common pleas court of Putnam county, Ohio. The object of the suit therein pending, and to which it is asked that the receiver be made a party, is to condemn and appropriate a large portion of the unfinished roadbed belonging to the said Columbus, Lima & Milwaukee Railway Company, which lies in Putnam county, and which it is claimed lies in an unfinished condition, without having the ties and iron placed thereon, and that it has continued in said condition for the five years immediately preceding the commencement of that suit. Said proceeding in Putnam county is against the said Columbus, Lima & Milwaukee Railway Company, the Atlantic Trust Company, and O. M. Stafford, the three parties claiming to represent the legal and equitable title to and ownership of said roadbed. The petitioner asks this court to authorize him to make the receiver a party to said proceeding, and claims the right to maintain such action against the receiver, both under section 3415 of the Revised Statutes of Ohio, and section 3 of the act of March 3, 1887, of the congress of the United States. The provision of the Ohio statute cannot apply to the power or authority of this court to grant or deny such motion. The act of congress of March 3, 1887, granted to parties the right to sue receivers appointed by federal courts, concerning acts and transactions of such receivers in the management of the property in their control, in the state courts having proper jurisdiction, without first obtaining leave to bring such suit from the court appointing such receiver. The policy, scope, and effect of this act have been fully considered by several of the circuit courts, and several of the circuit courts of appeals, and the concurrent trend of opinion is that the receivers can only be sued in such courts with reference to acts and transactions of theirs concerning the management of said property. But, confessedly, this application has a far more significant and important purpose than ordinarily contemplated by suits under said act. The purpose of this proceeding in the common pleas court of Putnam county is to condemn and appropriate a part of the res or corpus of the property now in the control of this court in the equity suit and proceeding heretofore referred to. That such property, in the hands of the receiver, is wholly within the jurisdiction of this court, to be sold, and the proceeds to be distributed according to the priorities and liens of the persons interested, is well settled by repeated adjudications of our highest judicial tribunals. In Re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, the court reviews very

fully the powers and authority of United States courts of equity to retain in undisturbed control the possession of property within their jurisdiction, brought there by proper proceedings. In that case the state of South Carolina, through its proper officers, claimed the right to levy upon and seize by distraint for taxes due the state certain rolling stock belonging to a railroad then in the control and jurisdiction of the circuit court of the United States for the district of South Carolina. This power the supreme court distinctly denied, and declared that said property, when so in the possession and jurisdiction of the United States court, was as much withdrawn from the judicial power of state tribunals as if it had been carried physically into a different territorial sovereignty.

The proceeding now in this court is, to a certain extent, a proceeding in rem. The corpus of the property of the Columbus, Lima & Milwaukee Railway Company is within the control and jurisdiction of this court, to be sold, and the proceeds thereof distributed according to the well-settled principles of equity jurisprudence. The right of the petitioner to proceed in the state court, and condemn this property, or any part thereof, and thereby take it out of the jurisdiction of this court, cannot for a moment be conceded. The petitioner does not claim such right, but concedes that it can only be permitted to do so upon the proper leave and authority of this court. The question, therefore, presented is whether this court, in justice to the litigants now already before it, and in the exercise of a sound discretion, ought to permit this suit in Putnam county to proceed, to the end that a part of this property be taken out of the custody and jurisdiction of this court, and in lieu thereof the proceeds to be awarded in such condemnation proceedings be accepted. It is evident that the statute of Ohio contemplated that such condemnation proceedings should only take place against railroads which had abandoned the hope and expectation of continuing the construction of the road as projected, and where such property was so abandoned the right to proceed under the statute must be conceded. But, the creditors and lienholders who had a claim upon said unfinished roadbed having exercised their right to proceed in this court to subject such property to sale and distribution, it cannot be said that such property has been abandoned within the spirit and meaning of the Ohio statute. On the contrary, the very fact that such creditors were active in bringing the case into court for proper sale and distribution is in itself conclusive evidence that abandonment is not contemplated. If this court permitted said proceedings to continue, allowed its receiver to be made a party thereto, and a valuable part of this roadbed to be condemned and appropriated, it might, and probably would, very seriously prejudice the rights and interests of the parties to the proceedings pending herein. It is no sufficient answer to the objection of such suitors to say that the sum allowed in such condemnation proceedings in the state court will be brought into this court in lieu of the part of the roadbed so permitted to be condemned and appropriated. But such dismemberment of the property might lead to very great damages to creditors and lienors. The probabilities are that a part of

this property so appropriated and condemned would not be sold with so much regard to its value with reference to the remaining portions of the line so uncompleted, or with such proper regard to the impairment of the value of the franchises under which the road was projected, and was being completed. The safer and wiser course for this court to pursue will be to bring this suit to a speedy issue and decree, and sell the property as an entirety. At such sale the petitioner can take its chances with other bidders, and secure the property at whatever proves to be, in the public opinion, a fair determination of its value. In this way the rights of the creditors and lienors who first acquired the right to control the sale of this property will be fully protected, and no wrong will be done the petitioner. The court will not permit the receiver to continue in the quiet possession of this property, and to deny to the public the right to have all or part of it appropriated under the Ohio statute. The court recognizes all that counsel for the petitioner has said as to the wisdom and purpose of that act. It was undoubtedly put upon the statute book to prevent parties who have acquired, by right of eminent domain, the privilege of projecting and finishing railroads, the power to hold them dormant, and prevent others from completing them after the time prescribed by the statute has passed. The court will recognize the purpose and spirit of this act, and speed the case to an early hearing and sale; and all parties are hereby notified to proceed in that spirit. The motion of the petitioner will be denied, and the petitioner is hereby restrained temporarily from proceeding further in the common pleas court of Putnam county to condemn and appropriate any part of the property now within the control and possession of the receiver and the jurisdiction of this court.