HEINEMAN v. GANS.

CONTRACTS—CONSIDERATION—FORBEARANCE.

> After a fire in leased premises the lessee executed an instrument for the purpose of facilitating the making of repairs on the building by which the lessee surrendered its right to the lease to the lessor to remove persons who were in possession for the purpose of removing damaged goods, so that the contractor might have possession after ten days. The person in possession agreed to vacate and remove all rubbish from the building if given eight days. *Held*, that the instrument was not a mere license, that it gave him the right to remove the occupant immediately, and that forbearance for eight days was a sufficient consideration for the occupant's promise to remove the rubbish.

Error to Wayne; Rohnert, J. Submitted October 19, 1905. (Docket No. 80.) Decided December 15, 1905.

Assumpsit by Fanny Heineman and others against Leo Gans for breach of an agreement to vacate certain premises. There was judgment for plaintiffs, and defendant brings error. Affirmed.

*Bowen, Douglas, Whiting & Murfin*, for appellant.

*David E. Heineman* (*C. D. Joslyn*, of counsel), for appellees.

MONTGOMERY, J. This action was originally brought against the two named defendants. At the opening of the trial the court directed a discontinuance of the case as against the Western Salvage Wrecking Company, and the case was continued against defendant Leo Gans alone.

The plaintiffs are owners of a building in the city of Detroit known as the "Arcade Building." In February, 1901, the building was occupied by the Dresskell-Jupp Paper Company as lessee. A fire occurred in that month

by which the building was seriously damaged, as was the stock of the Dresskell-Jupp Company. In the adjustment of the Dresskell-Jupp loss the insurance companies took over the damaged stock and made an agreement with defendant Leo Gans, assuming to act for Samuel Gans, manager of Western Salvage Wrecking Company, by the terms of which agreement the salvage company engaged to take the damaged stock, renovate and market it, and account for the proceeds. Defendant Leo Gans appears to have had personal charge of the business. Instead of removing the stock in its then condition he caused machines for trimming the paper to be put in the building and commenced to trim the paper on the premises.

The plaintiffs were desirous of repairing the building promptly, and the Dresskell-Jupp Company was likewise anxious that it should be done. Some impatience was felt at the delay, and on February 26th a written surrender and authority in the following words was executed:

"For the purpose of facilitating and expediting the making and completion of the necessary repairs in the premises and buildings known as 48 and 50 Larned Street West, Detroit, Michigan, it is hereby agreed and the said Dresskell-Jupp Paper Company hereby agrees to surrender all its right, title, and power in and to its lease of the premises, to Fannie, Solomon E., and David E. Heineman, of Detroit, Michigan, Flora H. Thurnauer and Emilia H. Pritz, of Cincinnati, Ohio, heirs and devisees under the last will and testament of Emil S. Heineman, deceased, or their agent, to eject and remove parties and all persons who are now in possession of said premises for the purpose of removing a certain stock of paper and other things from said building, and to put out and eject said person or persons, so that the contractor to repair and rebuild said building may have possession of said premises from and after 10 days from this date; and said parties are hereby authorized to take all steps necessary to eject and remove said person or persons from said premises, but for this purpose and no other. The said lease of said premises to continue and be binding upon the parties hereto except as herein provided."

Plaintiffs' attorney thereupon wrote the wreckage com-

pany demanding that some arrangement should be made to insure the vacation of the premises promptly. In response to this letter defendant Leo Gans appeared. And the testimony of plaintiffs' attorney, Mr. McNamara, tends to show that in consideration that the plaintiff would forbear to take steps to secure possession until March 6th, defendant Gans agreed to vacate the premises by that date, and to cause all rubbish to be removed. This was not done, and the plaintiffs were put to large expense in having the rubbish removed.

The case was submitted to the jury upon the question whether the agreement claimed was made between defendant Gans in his own name and the plaintiffs, and upon a sufficient consideration. The jury found the affirmative in answer to a special question.

It is contended that there was no testimony to show that defendant Gans promised personally. It appears by defendant's testimony that the wreckage company was a copartnership, consisting of himself, Samuel Gans, and Fred Strauser. It would seem that the nonjoinder of his partners should have been taken advantage of by plea in abatement. See *Porter* v. *Leache*, 56 Mich. 40. As this point is not made in the brief we prefer to rest our decision upon the fact that the testimony of Mr. McNamara tends to show that the contract was made with Leo Gans as an individual.

It is urged that no right of possession was given to plaintiffs by the writing signed by Dresskell-Jupp Company until after 10 days from its date, and that a delay of action until March 6th was not forbearance. We do not so read the power. The evident purpose was to give an immediate right to plaintiffs to demand and receive possession in order to make sure that by the expiration of 10 days the repairs might go on.

It is suggested that plaintiffs could not have maintained an action for the reason that the written power was a mere license. It is clear that the purpose of the instrument was to confer upon plaintiffs a right of possession, which was

valid as against the defendant if delinquent. The postponement of this right was a valid consideration. No error is discovered.

Judgment affirmed. ·

McALVAY, GRANT, BLAIR, and HOOKER, JJ., concurred.