PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* DETROIT, GRAND
          HAVEN & MILWAUKEE RAILWAY CO.

1. JUDGMENT—RES JUDICATA—PLEA.
    The question of res judicata cannot be raised by a motion to
    quash an information filed by the attorney general, but only
    by a plea in bar.

2. ABATEMENT—ANOTHER ACTION PENDING—NATURE OF PROCEED-
    INGS.
    The pendency of other suits against a corporation involving
    the same questions is not ground for quashing an informa-
    tion in the nature of quo warranto brought to test the right
    of the corporation to exercise its franchises as a corporation,
    none of the other suits having been brought for that specific
    purpose.

3. QUO WARRANTO—INFORMATION—LEAVE TO FILE—APPLICATION
    —SHOWING—NECESSITY.
    The procedure prescribed in quo warranto cases brought under
    sections 9966 and 9967, 3 Comp. Laws, is not applicable to
    cases in which the attorney general asks this court, or a jus-
    tice thereof, for leave to file an information against a corpo-
    ration under section 9951, 3 Comp. Laws, and the court, or a
    justice thereof, may, in its discretion, grant such leave with-
    out notice to the respondent, and without any further show-
    ing than the facts set up in the verified information.

Quo warranto proceedings by the people of the State of
Michigan, on the relation of John E. Bird, attorney gen-
eral, to inquire into the right of the Detroit, Grand Haven
& Milwaukee Railway Company to exercise certain
franchises: On motion to quash. Submitted June 11,
1907. (Calendar No. 22,078.) Denied July 1, 1907.

*H. Geer* and *L. C. Stanley*, for the motion.

*Roger Irving Wykes*, contra.

GRANT, J. The attorney general presented to the
Chief Justice of this court a duly verified information to

inquire into the right of the respondent to exercise franchises or privileges not conferred upon it by law, and also to forfeit its charter and franchise for noncompliance with the act creating it. The Chief Justice granted leave to file the information. The respondent now moves to quash, because (1) the leave to file the information was improvidently granted; (2) no notice was given to the respondent of relator's intention to make such application; and (3) because no proper showing was made by affidavits or otherwise for leave to file it. The statute upon the subject is section 9951, 3 Comp. Laws, which reads as follows:

"Leave to file such information may be granted by the Supreme Court in term time, or by any justice thereof, but by no other officer, upon the application of the attorney general in vacation; and such court or justice may, in their discretion, direct notice of such application to be given to such corporation or its officers, previous to granting such leave, and may hear such corporation in opposition thereto."

The information charges the respondent with unlawfully exercising certain franchises and privileges, to wit:

"1. All of the rights, franchises, and privileges at one or any time belonging to or possessed and exercised by the Detroit & Pontiac Railroad Company and conferred upon it by the act of the legislative council of the Territory of Michigan, March 7, 1834 (3 Terr. Laws, p. 1287), and amendments thereto.

"2. All of the rights, privileges, and franchises at one or any time belonging to or possessed and exercised by the Detroit & Milwaukee Railway Company and conferred upon it by Act No. 140 of the Laws of 1855 of Michigan and by the act of the legislative council of the Territory of Michigan of March 7, 1834, and amendments thereto.

"3. The right, privilege, and franchise claimed to be conferred upon it by section 16 and other sections of the act of the legislative council of the Territory of Michigan of March 7, 1834, to perpetually fix and regulate its own tolls and charges without legislative interference, or regu-

lation or limitation as to reasonableness of rates, tolls, or charges.

"4. The right, privilege, and franchise of perpetually paying the limited rate of taxation fixed by Act No. 140 of the Laws of 1855, to be paid and measured upon the capital stock of the Detroit & Milwaukee Railway Company.

"5. The right, privilege, and franchise to extend the rate of taxation fixed in and by Act No. 140 of the Laws of 1855, and therein conferred upon the Detroit & Milwaukee Railway Company to the portion of the said railroad belonging, previous to 1855, to the Oakland & Ottawa Railway Company. and extending from the city of Pontiac in the county of Oakland to the city of Grand Haven in the county of Ottawa, as well as the right to exercise this exemption as a perpetual right, privilege, and franchise.

"6. The right, privilege, and franchise to exercise the right of eminent domain as conferred and granted in said act of the legislative council of the Territory of Michigan of March 7, 1834.

"7. The right, privilege, and franchise of perpetual exemption from the provisions of the Michigan general railroad law, as to all parts of the railroad now operated or hereafter acquired by it, pursuant to law.

"8. The right, privilege, and franchise of a contract with the State, as embraced in and constituted of the act of the legislative council of the Territory of Michigan of March 7, 1834, and of Act No. 140 of the Laws of Michigan of 1855, exempting it from legislative interference with regard to the regulation of its own tolls and charges, with regard to the alteration in the tax rate claimed to be fixed by said acts, and with regard to the other rights, powers, and immunities claimed to be conferred and enjoined under the provisions of said acts.

"9. The right, privilege, and franchise of an exemption from the provisions of Act No. 173 of the Public Acts of 1901, and from any and all prior or subsequent general acts of the legislature of the State of Michigan, fixing the tax rate to be paid upon the property or measured upon the gross earnings of railway or railroad companies, except the Act No. 140 of the Laws of Michigan of the year 1855.

"10. The right, privilege, and franchise of continuous

perpetual succession to the charters composed of the act of the legislative council of the Territory of Michigan of March 7, 1834, and of Act No. 140 of the Laws of the State of Michigan of 1855, and to the rights, privileges, franchises, exemptions, immunities, and powers thereby created or conferred.

"11. The right, privilege, and franchise to exist as the successor to the property, charter, franchises, rights, privileges, and immunities of the Detroit & Pontiac Railroad Company and the Detroit & Milwaukee Railway Company, and to the special charters of either or both of them as claimed to be conferred by Act No. 96 of the Laws of 1859.

"12. The right and privilege of immunity from the passage and application of such acts of the legislature of the State of Michigan as Act No. 5, of the October Special Session of 1900.

"13. And that, in addition to the above, the said Detroit, Grand Haven & Milwaukee Railway Company, as such corporation, has offended against the provisions of the act or acts creating, altering or renewing it as such corporation."

The learned counsel for the respondent claim that certain of the questions are res judicata. The question of res judicata can be raised only by plea in bar. *Briggs* v. *Milburn,* 40 Mich. 512.

It is claimed also that certain other suits, brought against the respondent, involve the same questions here raised. If this be true, it is also true that they are not raised in a direct proceeding to test the right of the respondent to exercise its franchises as a corporation.

Counsel cite *Vrooman* v. *Michie,* 69 Mich. 44. That case was brought under sections 9966 and 9967, 3 Comp. Laws, and is applicable to cases brought under that statute. It does not govern cases where the attorney general asks this court or a justice thereof for leave to file an information.

The questions raised are important, and we see nothing to indicate that the relator is actuated by a desire to institute vexatious proceedings, or to again try questions

which have been once adjudicated. The Chief Justice exercised the discretion reposed in him by the law, and we see no occasion to interfere with it.

The motion is denied.

McALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.