VYSE *v.* RICHARDS.

1. DISMISSAL AND NONSUIT—PLEA IN BAR NOT AVAILABLE ON MOTION TO DISMISS.

Demurrers, pleas in abatement, and pleas to the jurisdiction having been abolished by 3 Comp. Laws 1915, § 12456, their function is now performed by a motion to dismiss, but it does not perform the function of a plea in ̇bar, and defenses which formerly required a plea in bar cannot be made under the summary proceeding of a motion to dismiss.

2. SAME—LIMITATION OF ACTIONS NOT AVAILABLE ON MOTION TO DISMISS.

The defense of the statute of limitations, being a bar to the action, must be pleaded in order to be available, and cannot be raised by a motion to dismiss in the nature of a demurrer.

3. SAME—RES JUDICATA NOT AVAILABLE ON MOTION TO DISMISS.

The defense of former adjudication, or *res judicata,* must be pleaded in bar and cannot be raised by motion to dismiss.

Appeal from Wayne; Hart (Burton L.), J., presiding. Submitted October 30, 1919. (Docket No. 37.) Decided December 23, 1919.

Bill by Charles Vyse and others against Mary A. Richards and another to impress a trust upon real estate and for an accounting. From an order overruling a motion to dismiss, defendants appeal. Affirmed.

*Hollis Harshman* and *Howard H. Campbell,* for plaintiffs.

*Marion Kuhn (William E. Henze,* of counsel), for defendants.

Briefly stated the facts alleged in the bill are these: In the year 1902 sums aggregating $15,960 were by Charles L. Fish placed in the hands of defendant Mary A. Richards in trust for Tillie A. Vyse, a considerable portion to be invested in real estate; that in 1903 some $12,100 of this fund was devoted to the purchase of real estate but the title thereto was taken in the names of defendants Mary A. Richards and Maud A. Kuhn, mother and sister of said Tillie A. Vyse; that said Tillie A. Vyse lived in Cleveland, Ohio, had entire confidence in her mother and sister, was inexperienced in business, and believed that the terms of the trust had been performed. It is alleged that the title to the real estate was so taken in the names of defendants in order to defraud her; that in 1905 certain litigation was begun in the Wayne circuit court, in chancery, against said Tillie A. Vyse, Mary A. Richards, and Maud A. Kuhn; that in furtherance of the scheme to defraud, the mother and sister lulled said Tillie A. Vyse to inactivity in said litigation, and assured her that her rights would be protected; that in 1909 defendants attempted to obtain from said Tillie A. Vyse when she was ill a release of her interest in said real estate; that she then learned for the first time that the title was not in her; that said Tillie A. Vyse died in 1910, and that plaintiffs are her heirs at law; that the litigation above referred to was pending at her death and extended over a period of years; and that due to such litigation, and to avoid family trouble, plaintiffs withheld suit. The language of the bill in some regards is quite general; the date when the litigation was concluded or its character do not appear from it. The bill seeks to impress the trust upon the real estate and prays for an accounting.

The answer denies the equities of the bill; specifically denies all charges of fraud; as to the litigation commenced in 1905, it alleges that said Tillie A. Vyse

had full knowledge thereof, appeared by separate counsel, that a decree was taken therein in favor of the complainant, the administrator of the estate of said Charles L. Fish, deceased, for upwards of $26,000, and that defendants paid $21,500 in settlement thereof. It was apparently patent to the pleader that the questions here sought to be raised could not be determined from an examination of the bill alone. By some 27 exhibits attached to the answer defendants show the pleadings, proceedings, affidavits and other papers giving a complete record of the Fish case and its final settlement, together with definite dates. With this answer defendants filed a motion to dismiss. To review an order overruling the motion to dismiss, this appeal was allowed.

FELLOWS, J. (*after stating the facts*). In this court it is urged on behalf of the defendants, and the questions raised by the motion to dismiss are: (1) that the cause of action is barred by the statute of limitations; and (2) that the decree in the case brought by the administrator of the estate of Charles L. Fish, deceased, against these defendants and Tillie A. Vyse is *res adjudicata*. Plaintiffs insist that these questions may not be raised on this record by motion to dismiss.

By section 4, chapter 14, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12456), demurrers, pleas in abatement, and pleas to the jurisdiction, are abolished and a motion to dismiss is substituted. In the recent case of *Pagenkoff* v. *Insurance Co.*, 197 Mich. 166, this court had this section of the statute under consideration. We there pointed out that the motion to dismiss now performs the function of a demurrer, a plea in abatement, and a plea to the jurisdiction, but that it does not perform the function of a plea in bar, and that defenses which formerly required a

plea in bar cannot be made under the summary proceeding of a motion to dismiss; and in *Gunn* v. *Gunn,* 205 Mich. 198, we declined to consider on a motion to dismiss in the nature of a demurrer anything but the allegations of the bill itself. In the instant case the motion to dismiss performs the function of a demurrer under the former practice.

Under the repeated decisions of this court the statute of limitations must be pleaded and the defense cannot be raised by demurrer. *Whitworth* v. *Pelton,* 81 Mich. 98; *Shank* v. *Woodworth,* 111 Mich. 642; *Renackowsky* v. *Board of Water Com'rs,* 122 Mich. 613; *First National Bank* v. *Steel,* 136 Mich. 588; *Township of Forest* v. *American Bonding Co.,* 180 Mich. 90. The defense is a bar to the action and should be so pleaded in order to be available. Likewise this court has also held that the defense of former adjudication, the question of *res adjudicata* must be pleaded in bar and cannot be raised by motion to dismiss. *Attorney General* v. *Railway Co.,* 149 Mich. 122, citing *Briggs* v. *Milburn,* 40 Mich. 512. See, also, *Pagenkoff* v. *Insurance Co., supra; Porter* v. *Leache,* 56 Mich. 40.

The chancellor was right in denying defendants' motion to dismiss. His order is affirmed, with costs to the plaintiffs.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.