POY *v.* ALLAN.

TRUSTS—FRAUD—TRUST MAY NOT BE IMPRESSED ON LEASE SECURED BY FORMER AGENT IN ABSENCE OF FRAUD.

Where plaintiffs' offer for a long-time lease was finally and absolutely rejected, and there was no fraud or collusion in said rejection, the fact that an agent who

assisted them in preparing said offer was, soon after its rejection, awarded a lease on said premises, does not entitle them to impress a trust thereon or to a decree holding that the lease is held for them.[1]

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 17, 1925. (Docket No. 17.) Decided June 18, 1925. Rehearing denied December 22, 1925.

Bill by George Poy and others, copartners as the Oriental Cafe, against Robert M. Allan, George H. Boynton, and others to impress a trust upon a lease. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Howard H. Campbell* and *Hollis Harshman (J. O. Murfin,* of counsel), for plaintiffs.

*Percy W. Grose,* for defendants Boynton.

*Lightner, Oxtoby, Hanley & Crawford,* for defendant Allan.

*Bernard P. Costello,* for other defendants.

CLARK, J.   Defendants Boynton owned real estate in Detroit, of a part of which the plaintiffs, Poy and Yee, and nearly 50 others, copartners, trading as Oriental Cafe, were subtenants.   The Boyntons contemplated a long-term lease, and requested Dolsen, a real estate agent, to see if he could find some one to make an acceptable offer.   He sought to interest the partnership, which was a depositor of the defendant American State Bank.   The partners applied to the bank for advice and aid.   Defendant Allan, an employee of the bank, was directed to assist.   After a conference of the partners, Dolsen and Allan, the partnership made an offer to the Boyntons.   The offer was rejected finally and absolutely and the rejection was in no way affected by fraud or collusion

---

[1]Agency, 2 C. J. § 368.

of defendants or any of them.   Then Allan, having consulted his uncle, defendant Malcomson, made an offer by himself and Malcomson to enter into a lease. The offer was accepted and the lease executed.   Allan assigned to Malcomson.   Later Malcomson transferred his property including the lease to the defendant Security Trust Company.   Plaintiffs seek by this bill to impress a trust upon the lease and for decree that the lease is held for them and that it is theirs. The bill was dismissed.   Plaintiffs have appealed.

The promptness of Allan in applying for lease after his clients' offer had been rejected doubtless made them suspicious and gave color of merit to their claims. But the Boyntons had the undoubted right to refuse plaintiffs' offer.   The reasons for refusal need not be stated.   But being refused finally, and such refusal being free from fraud or other infirmity, plaintiffs were not concerned in the lease subsequently made.

The decree is affirmed.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.