R. E. EVANS, *Appellant*, v. AMES A. BARLOW, ALBERT L. McGLAUN ET AL., *Appellees*.

Division B.

Opinion Filed August 1, 1927.

*Kay, Adams, Ragland* and *Kurz*, Attorney for Appellant;

*Noah B. Butt* and *C. O. Andrews*, Attorneys for Appellees.

PER CURIAM.—April 2nd, 1917, Mrs. Jennie G. Hall, of Providence, R. I., executed an optional agreement with Ames A. Barlow, of Cocoa, Florida, to sell him nine hundred and twenty-four acres of land in Brevard County, Florida. In May, 1917, Barlow, for a consideration, assigned a one-fifth interest each in this optional agreement to R. E. Evans, Walter Hatter and G. N. Hendry. Barlow made an

intensive effort to meet the terms of his agreement with Mrs. Hall, but failing to do so she wrote him May 29th, 1919, advising him that if payment was not made on or before July 10th, following said agreement would be no longer binding and that she would thereafter consider herself free from liability thereunder.

On receipt of the letter of May 29th, Barlow commenced negotiations with Mrs. Hall to purchase said lands under a new agreement materially different in its terms from the agreement of April 2nd, 1917. The terms of the new agreement were settled, but failure on the part of Barlow to comply with them, it and all former agreements were cancelled by telegram addressed to Barlow by W. A. Gamwell, representing Mrs. Hall and dated November 17th, 1919. A third and new agreement slightly different in its terms from the second was then entered into between Barlow and Mrs. Hall, which was carried out. Hatter and Evans neglected and refused to contribute any of the funds or in any other manner assist Barlow in meeting the terms of the second or third agreement. Barlow being forced to resort to others for assistance declined to concede them (Hatter and Evans) any interest therein, so they bring this suit against Barlow and Hendry et als., to have a trust declared on their behalf in and to one-fifth interest each in the lands so purchased by Barlow and for an accounting.

This is the second appearance of this case in this Court (Hatter et al. v. Barlow et al., 86 Fla. 637, 98 So. Rep. 620). Since its first appearance here it has been dismissed as to Hatter without prejudice to the right of Evans to pursue his claim. Evans is now the sole party appellant.

The major contention of Evans is that the original optional agreement between Mrs. Hall and Barlow, though slightly modified, was the one that was finally executed, that he (Evans), Barlow, Hatter and Hendry were joint

adventurers in the enterprise; that when Barlow made written assignments to Evans, Hatter and Hendry the four became co-tenants of the equitable title, that they were bound together by a relation of trust and confidence, and that when Barlow took legal title in his own name he became trustee for his co-tenants with the right to enforce contribution.

As an abstract proposition of law this contention cannot be combatted, but careful analysis of the record discloses that the original agreement was treated as abandoned in both the subsequent agreements and the letter of May 29th, 1919, by Mrs. Hall serving notice on Barlow, was sufficient compliance with the rule prescribed in Felt v. Morse, 80 Fla. 154, 85 So. Rep. 656, for cancellation where time is not of the essence of the agreement. All the essential elements of this entire transaction are shown in a triangular correspondence carried on (1) between Barlow and Gam,-well, agent for Mrs. Hall, (2) between Evans and Barlow, and (3) between Evans and Gamwell. This correspondence comprises volume two of the record and does indicate a rather frequent and continuous communication between Evans and Barlow from the time the original agreement was made till after the sale from Mrs. Hall to Barlow was concluded. It also shows that Evans and Barlow mistrusted each other, that Evans contributed nothing to help Barlow consummate the final sale though he was repeatedly given a chance and urged to do so and that he (Evans) proposed independent negotiations to Mrs. Hall to purchase the lands during the pendency of the agreement between her and Barlow.

The evidence shows that the five hundred dollars put up as a binder when the original optional agreement between Barlow and Mrs. Hall was made (one hundred dollars of which was paid by Evans), was forfeited when this agree-

ment fell through and that it constituted no part of the consideration finally paid for the land. While the testimony is extremely conflicting on all material points, we think it shows conclusively that there was no trust relation existing between Evans and Barlow after the failure of the first agreement, that the conduct of Mrs. Hall, Evans and Barlow shows that they all recognized the failure of the first agreement and that Evans had ample opportunity to come in and participate in the sale as finally made but failed to do so. Evans' connection with the transaction after the failure of the first agreement was that of any other stranger to the cause, except that he had knowledge of Barlow's efforts to close it.

Further discussion of this or other questions raised would serve no useful purpose. The decree of the chancellor is amply supported by the record and is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.