POY *v.* ALLAN.

1. PLEADING—JUDGMENT—SPECIAL PLEAS IN BAR ABOLISHED—NOTICE UNDER PLEA OF GENERAL ISSUE.

At common law former adjudication could only be raised by special plea in bar, but special pleas in bar were abolished in this State by statute (section 22, chap. 99, Rev. Stat. 1846), and defenses theretofore raised thereby might thereafter be raised by notice under plea of general issue.

2. SAME.

Defense of former adjudication is available where raised by notice under plea of general issue.

3. JUDGMENT—RES JUDICATA—FRAUD.

In action for fraud of defendant as broker in securing long-term lease for himself instead of for plaintiffs, former decision of Supreme Court that rejection of plaintiffs' offer to lease was in no way affected by fraud or collusion of defendant, was adjudication of question of fraud upon which plaintiffs' right to recover depends, and is therefore conclusive herein.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted January 10, 1930. (Docket No. 74, Calendar No. 34,753.) Decided March 6, 1930. Rehearing denied June 2, 1930.

Assumpsit by George Poy and others, copartners doing business as Oriental Cafe, against Robert M. Allan for damages through loss of profits because of the alleged fraud of defendant as broker in securing a long-term lease of realty for himself rather than for plaintiffs. From a judgment upon directed verdict for defendant, plaintiffs bring error. Affirmed.

' *Howard H. Campbell* and *J. O. Murfin,* for plaintiffs.

*Lightner, Oxtoby, Hanley & Crawford (Clifford M. Toohy,* of counsel), for defendant.

POTTER, J.   Plaintiffs, copartners, doing business as the Oriental Cafe, in Detroit, sued defendant to recover damages, alleged to have been suffered by them by reason of defendant's alleged fraudulent conduct while employed by plaintiffs as a broker. The case was once dismissed for nonjoinder and misjoinder of parties plaintiff.   The order of dismissal was reversed here with leave under the statute, section 12364, 3 Comp. Laws 1915, to amend.   *Poy* v. *Allan,* 247 Mich. 385.   Defendant pleaded the general issue and gave notice of the statute of limitations, *res adjudicata* by the decision in *Poy* v. *Allan,* 231 Mich. 472, failure to file a certificate of partnership, and failure to file a certificate of doing business under an assumed name.   The trial court held the claim of plaintiffs was formerly adjudicated in *Poy* v. *Allan,* 231 Mich. 472, and directed a verdict for defendant.   Plaintiffs allege this was error.   Where it was sought to prove former adjudication to defeat recovery it was said:   "A former judgment to be used for any such purpose must be pleaded in bar." *Briggs* v. *Milburn,* 40 Mich. 512.   "It is not competent under the general issue to rely on a former judgment.   It must be specially pleaded."   *Porter* v. *Leache,* 56 Mich. 40.   "The question of *res judicata* can be raised only by a plea in bar."   *People* v. *Railway Co.,* 149 Mich. 122.   After the passage of the judicature act the court had before it in *Pagenkoff* v. *Insurance Co.,* 197 Mich. 166, the effect upon the rule previously established of section 12456, 3

Comp. Laws 1915, which abolished demurrers, pleas in abatement, and pleas to the jurisdiction. It was held that, notwithstanding this statute, former adjudication must be pleaded in bar. In *Vyse* v. *Richards,* 208 Mich. 383, it is said:

"By section 4, chap. 14, Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1915, § 12456), demurrers, pleas in abatement, and pleas to the jurisdiction, are abolished and a motion to dismiss is substituted. In the recent case of *Pagenkoff* v. *Insurance Co.,* 197 Mich. 166, this court had this section of the statute under consideration. We there pointed out that the motion to dismiss now performs the function of a demurrer, a plea in abatement, and a plea to the jurisdiction, but that it does not perform the function of a plea in bar, and that defenses which formerly required a plea in bar cannot be made under the summary proceeding of a motion to dismiss.  *  *  *  Under the repeated decisions of this court the statute of limitations must be pleaded and the defense cannot be raised by demurrer.  *  *  *  The defense is a bar to the action and should be so pleaded in order to be available. Likewise this court has held that the defense of former adjudication, the question of *res adjudicata,* must be pleaded in bar and cannot be raised by motion to dismiss."

At common law former adjudication could only be raised by a special plea in bar. (Bouvier's Law Dic. [3d Rev., 8th Ed.] title, Plea.)  No plea in bar was filed herein. Special pleas in bar, in this State, were abolished by section 22, chap. 99, Rev. Stat. 1846, and defenses which before had to be raised by special plea in bar thereafter might be raised by notice under a plea of the general issue. Sections 23 and 24, chap. 99, Rev. Stat. 1846; sections 12462 to 12464, 3 Comp. Laws 1915; Circuit Court Rule No. 23; 1

Green's Practice (3d Ed.), p. 506; 2 Abbott's Practice (2d Ed.), p. 1433; 1 Shinn's Practice, p. 704; *Bryant* v. *Kenyon*, 123 Mich. 151.

By notice, under a plea of the general issue, defendant raised the question of former adjudication. The gist of plaintiffs' cause of action, as alleged, is defendant's fraud in not procuring a lease from Boynton for plaintiffs, and in procuring it for himself and Malcomson. In *Poy* v. *Allan*, 231 Mich. 472, this court decided that Allan's offer, for plaintiffs, to Boynton, was rejected finally and absolutely, and that the rejection was in no way affected by the fraud or collusion of Allan or the other defendants therein. This was an adjudication, by this court, upon the question of fraud, upon which plaintiffs' right to recover here depends, binding on the parties to this suit, and conclusive of their rights herein *(Bond* v. *Markstrum*, 102 Mich. 11), and sufficient to bar plaintiffs' right to recover. Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.