52 P.(2d) 123

**HART et al. v. WALKER.**

No. 4017.

Supreme Court of New Mexico.

Dec. 2, 1935.

Mayes & Rowley, of Clovis, and E. R. Wright, of Santa Fe, for appellants.

A. T. Hannett, of Albuquerque, for appellee and cross-appellant.

BRICE, Justice.

This is an appeal from a judgment of the district court of Curry county, reversing a decision of the commissioner of public lands in a contest proceeding involving the right to lease certain state lands. The commissioner of public lands had canceled leases theretofore made to appellee and issued new ones to appellants. The district court held that appellee and not appellants was entitled to lease the lands from the state.

From the findings made by the court, we take the following as the essential facts: C. S. Hart, deceased, in his lifetime owned large ranching interests in New Mexico, the real estate of which consisted of several thousand acres of patented land, about 5,500 acres of state purchase lands not paid for, and upwards of 17,000 acres leased from the state; all in Curry and Roosevelt counties, N. M.

The appellants are Hart's heirs at law. Upon the death of Hart in September, 1928, the appellee, through fraudulent means secured from appellants, conveyance of title to all of the mentioned property, including an assignment of the state leases; and while thus holding title, on the 31st day of July, 1929, he filed an application with the commissioner of public lands to lease the lands embraced in the Hart lease, which would expire the following October 1st. In his application, he falsely stated that he owned the assignment of the Hart lease, and thus had a preference right to lease the land for another term of five years. He falsely represented that the value of the improvements on the lands he applied to lease, including the state purchase lands, was $420, and fraudulently secured an appraisal in that amount, when in fact they were worth $5,500. That immediately after the filing of such application, Hart's administrator, having been notified thereof by the commissioner of public lands, protested against the leasing of these lands to appellee, though he did not himself apply to lease them for the benefit of Hart's estate. Because of this protest, no action was taken by the commissioner of public lands on the application of appellee until September 6, 1930; on which date Hart's administrator was notified by him that unless 'there was filed within ten days a formal protest or

contest against appellee, accompanied by a formal application to lease the lands, together with the funds for the payment of the first year's rental, a lease would be made to appellee. The administrator, and one of the appellants herein (C. S. Hart, Jr., representing himself and his mother, Mary Walker Hart), after an investigation at the state land office, determined that it was to the best interest of the estate not to lease these lands and so notified the commissioner of public lands. In the month of November, 1930, after the administrator and heirs of Hart had been given ten months in which to lease the land in suit and had refused to do so, the commissioner executed a lease to appellee for 8226.23 acres.

Notice was given by the commissioner of public lands on June 1, 1930, that Hart's state purchase contract would be canceled unless the interest due thereon was paid. No attention was given to such notice, and the commissioner of public lands canceled the contract. Thereafter, in October, 1930, appellee filed an application with the commissioner of public lands to lease the 5551.15 acres of the state purchase lands, which were leased to him the following November. Neither the administrator nor the heirs of Hart have ever taken any steps toward reinstating these state purchase contracts; nor have they offered to pay the interest due the state on the purchase price; nor have they applied to lease these lands.

At all times after March, 1929, appellants knew of the fraud perpetrated on them by appellee and that he had procured assignments of the state lease by false representations; and long before the land was leased to appellee they were treated by the commissioner of public lands as having a preference right to lease the land, and knew that Hart's administrator or appellants could obtain such lease by complying with the rules of the state land office. They did not avail themselves of the offered renewal because it was thought not to their best interests and not because of the fraud of appellee.

The administrator refused to institute this proceeding, though requested to do so by appellants, and thereupon appellants filed the contest.

■ (1) Hart's state lease was personal property and descended to his administrator. If he had a preference right to a renewal for another term of years under section 132-120, Comp.St. 1929, as claimed, it was waived by his refusal to accept it, well knowing at the time that the lease had been assigned to appellee, and that he was attempting to defraud the estate out of its New Mexico property. The commissioner of public lands evidently looked upon appellee as a trustee, holding for Hart's administrator, for at the administrator's request he held up action on appellee's application nearly a year, and only leased the property to him after due notice to the administrator and his definite refusal to accept a lease, all of which was acquiesced in by two of the appellants, heirs to $^{13}\!/_{16}$ of Hart's estate. It is contended here that Jere D. Hart, heir to the

remaining ⁹/₁₆ interest in the estate was ignorant of all these transactions. Such a proposed finding was requested by appellants, but ignored by the trial court, who did find that Jere D. Hart knew nothing of the administrator's trip to Santa Fé at the time it was determined not to renew the lease. This may be true; but he did know the leases were in appellee's name, that he claimed the patented land about which bitterly fought litigation was pending for two years, and had every reason to believe that appellee would claim the lease. There was no confidential relation between them after March 1929. We are disposed to believe that the Hart heirs were well informed of conditions, but be that as it may, the equitable title to the lease was in the administrator, and if Jere D. Hart was not advised, that was his negligence.

■ (2) The state of New Mexico is the owner of lands which it sells and leases to those in the market for such property to obtain revenue for educational and other state purposes, and the commissioner of public lands can lease this property to any applicant satisfactory to him unless there is a superior right in another. Hart's original lease having expired and his administrator having refused to accept the renewal thereof, the commissioner of public lands had the right and it was his duty to lease the land to a competent person applying therefor. Appellants insist that appellee is a trustee ex maleficio, and they as beneficiaries are entitled to the lease. Assuming that under the circumstances of this suit they have all the authority the administrator would have if he were a party in their stead, yet, when a renewal was refused by him, and he thereby abandoned his preference right to the lease, if any he had (and appellants could have no greater right to lease the land than Hart's administrator), the right, if any, to claim the lease, either through appellee as trustee, or through a preference right, was cut off when the lease was refused.

"It is a general rule that one who occupies a confidential or fiduciary relation to another in respect of business or property, and who by the use of knowledge obtained through such relation, or by the betrayal of the confidence reposed in him or some breach of duty imposed upon him under it, acquires title to or an interest in the subject matter of the transaction antagonistic to that of his correlate holds such title or interest subject to a constructive trust in the latter's favor, which the cestui que trust may enforce or renounce at his option, unless he has waived the breach of faith, in which case no trust exists or can be enforced." 65 C.J.Title Trusts, § 226.

"A cestui que trust, or one claiming to be such, who is competent to act for himself, may be estopped, or waive his right to enforce a trust in his favor by words or acts on his part which expressly or by implication, show an intention to abandon or not to rely upon or assert, such trust, as by acquiescing, with knowledge of all the material facts, in the alleged trustee's acts in dealing with, or disposing of, the property in a manner inconsistent with the

existence or continuation of a trust, or by consenting to such an application or investment of the trust funds or property, as to show an intention to abandon his right thereto." 65 C.J.Title Trusts, § 882.

Also, see Meier et al. v. Union Trust Co., 93 Ind.App. 457, 176 N.E. 42; Bacon et al. v. Hennessey (C.C.) 35 F. 174; Evans v. Barlow et al., 94 Fla. 498, 114 So. 253; George Poy et al. v. Allan et al., 231 Mich. 472, 204 N.W. 82; Magen v. Neiman et al., 301 Pa. 164, 151 A. 796; Gaines v. Chew et al. (C.C.) 67 F. 630; Matt et al. v. Matt et ux, 156 Iowa, 503, 137 N.W. 489.

"But the title of a purchaser chargeable with a constructive trust for the benefit of his correlate by reason of their fiduciary relation is not void, but voidable at the option of the cestui que trust only, and the absence of a prompt affirmative election to avoid it confirms it. 'It is only voidable, and, as it may be confirmed by the parties interested directly, so it may be by long acquiescence or the absence of an election to avoid the conveyance within a reasonable time after the facts come to the knowledge of the cestui que trust.' Hammond v. Hopkins, 143 U.S. 224, 250, 12 S.Ct. 418, 36 L.Ed. 134." Steinbeck v. Bon Homme Mining Co. (C.C.A.) 152 F. 333.

The commissioner of public lands apparently at all times considered Hart's administrator entitled to the preference right, and gave the lease to appellee, not because he thought appellee was entitled to a preference, but because it was his duty to lease the land and made the lease only as a last resort.

But appellants claim that they should be paid for their improvements. True, but what effort have they made to secure payment? From the record, we assume nothing at all. They all knew the lease would expire in October, 1929, that it would be leased to some one, and the law advised them that they were entitled to pay for the improvements, from the new lessee, and how the value would be determined. When they were advised, after they refused the lease, that appellee would get it, they had ample opportunity to protect their interest, but apparently this was abandoned with the lease. If the way is still open to obtain their just rights in this regard, no doubt it will be discovered by their very able counsel.

If the leases were obtained by fraud and are voidable by reason of false affidavits and appraisements in appellee's application, it is not a matter to be settled in this suit, as appellants have no claim on the land; but that is a matter between the state and the appellee. Ample provision is made by law to test the question of fraud by special proceeding before the commissioner of public lands, but not by appellants. Section 132-187 Comp.St. 1929.

The question is not raised, nor do we decide whether or not a tenant in possession under a lease from the state has by virtue of section 132-120 Comp.St. 1929 a preference right of renewal as given by that statute, in view of the provisions of section 10 of the Enabling Act and constitutional provisions in connection therewith which require leases for a longer term

than five years to be sold to the highest bidder at public sale after published advertisement of sale. Campbell v. Muleshoe Cattle Co., 24 Ariz. 620, 212 P. 381.

As to the 5,500 odd acres of state purchase land, the contract was canceled by the commissioner of public lands for nonpayment of interest, after notice. Hart's administrator, and one of the heirs acting for himself and Mrs. Hart, informed him that they wanted it canceled. After cancellation of the purchase contract, the commissioner of public lands was then authorized to lease it at his discretion.

Finding no error in the record, the cause is affirmed and remanded.

It is so ordered.

SADLER, C. J., and HUDSPETH and BICKLEY, JJ., concur.

ZINN, J., did not participate.