This was a petition for an audita querela and supersedeas.
The supersedeas had been granted by a judge in vacation. Judgment had been taken at a former term for the amount of the debt, and twelve and a half per cent interest, when it should have been but for six per cent interest. The petition charged that the judgment was usurious, and on this ground, the plaintiff now moved in court for an auditaquerela, in order that the point of usury might be examined. A writ of error had been obtained in the County Court, in October, 1807. In December, 1807, the act passed allowing twelve and a half per cent when judgments should be affirmed on error. In May, 1808, the plaintiff came into court and confessed judgment, as stated above. It was conceived that the act did not operate retrospectively, and consequently the judgment should have been but for six per cent interest.
This judgment certainly ought not to have been for more than six per cent interest, — the excess is erroneous. He would not deny but an audita querela might be proper in some cases, but there was no necessity for it in this. Between the two methods of affording redress in a summary manner, by motion and bill in equity, theaudita querela has nearly fallen into disuse. Error coramvobis will not lie except for error in fact, there is no doubt. The error in this case is matter of law appearing on the face of the judgment; and when the Court see that error in law has crept in they will remedy it in an equitable and summary manner. It cannot be conceived why it may not be done in this case. The excess of interest may be released, so as to render the judgment conformable to law. Much has been said by the plaintiff's counsel respecting there being no remedy but an audita querela, as it respects a judgment of this court. It is not designed to determine this question at present, it not being necessary; but it cannot be seen why a supersedeas, as primary process and a remedial writ, may not lie, and this can be granted in vacation. In practice, it generally occurs that asupersedeas is auxiliary to a certiorari, but this is believed not to be the case always; there may be a supersedeas
originally remedial as well as by implication and auxiliary. When *Page 427 
used as auxiliary process, it has been customary for a single judge in vacation to grant it, — as in the case of a certiorari, nor can any reason be perceived why a single judge in vacation cannot grant it as remedial process. It ought however to be granted as remedial process only in clear cases, where the irregularity appears evident.[1] It should be always granted on such terms as may be consistent with the principles of law in analogous cases, as giving security when required. Under such restrictions this writ may be highly beneficial to the citizen in avoiding the expense and delay of a suit in equity. This mode of proceeding is certainly more advantageous than by audita querela where process by distringas, c., must issue, regular pleadings must take place, and the same delay as in other suits, if not greater. Upon return of the supersedeas, if the matter of complaint be of record it can be inquired into in a summary manner, and justice done as on motion. In this case it is most probable it was a mistake of the clerk in entering up judgment for twelve and a half per cent interest instead of six per cent. This excess of interest has been released, and thus the cause of complaint has been removed. The case is not similar to a contract where usurious interest has been received.
[1] See 20 Vin. Ab. tit. Supersedeas. Bac. Ab. tit. Supersedeas, C.;1 Wash. 118; 2 Caines' C. E. 318.