## REED vs. VAUGHN.

In a bill filed by a bankrupt to enjoin a judgment which had been included in his schedule, it is not necessary to shew jurisdiction in the court which granted the discharge. The District Courts of the United States are not courts of *inferior jurisdiction,* whose judgments taken alone are to be disregarded.

## APPEAL from St. Louis Court of Common Pleas.

HICKMAN, *for Appellant.*

TODD, *for Appellee, insists:*

1. The bill is bad, because it does not thereby appear that the judgment was not a lien upon the property levied upon and advertised to be sold. Liens upon real property acquired before petition filed, were not impaired by the late Bankrupt Act. See proviso at the close of the 2nd section thereof.

2. The bill does not show jurisdiction in the District Court for the District of Columbia over Reed's case therein. The 7th section of said Bankrupt Act provides that all petitions "shall be had in the District Court within and for the district in which the person supposed to be a bankrupt shall reside or have his place of business at the time when such petition is filed, except where otherwise provided in this act."

The bill nowhere states that, at the time of filing his petition, Reed either had his residence or place of business in the District of Columbia, one or the other of which (no exception being claimed) was necessary for the jurisdiction of the court over his case. 7 J. R., p. 75; 10 J. R. p, 161; 1 Cowen Reps. p. 316; 3 Wend. Reps. p. 247.

3. Reed, if entitled to redress, has remedy at law, by *audita querela* or motion. 1 Cowen Rep. p. 42 and note to that case. He has neglected this, having, since his pretended discharge, suffered writs of execution to be sued out and returned with the money partly made, without objection.— In such cases a court of equity ought not to relieve. 2 Story's Com. on Equity, p. 173, s. 887.

NAPTON, J., *delivered the opinion of the Court.*

This was an application to a Court of Chancery for an injunction against a judgment at law. The suit was originally commenced in the Circuit Court of St. Louis, but removed to the Court of Common Pleas. The grounds upon which the injunction was claimed, were, that the petitioner had, on the 2nd March, 1843, made application to the U. S. District Court at Washington City, for the benefit of the Bankrupt Law, and that, on the 3rd July, 1843, a decree was rendered in his favor and a certificate of discharge duly granted, which he filed as part of his bill; that the judgment against which he sought relief had been included in

his schedule, and that the certificate discharged him from its payment.—A demurrer was filed to this bill, which was sustained, and the only question for our consideration is the sufficiency of the bill.

It seems from the brief filed by the appellee's counsel, that the objection to the bill is, that it does not set forth facts to bring the case within the jurisdiction of the U. S. District Court for the District of Columbia. Several cases are cited from the New York Reports to show that in pleading a discharge under the insolvent laws of that State, it was necessary to set forth facts which would show that the court which gave the discharge had jurisdiction of the case. These adjudications proceeded upon the ground that the courts, which were by the laws of that State invested with authority to grant discharges to insolvent debtors, were courts of inferior jurisdiction. This is not the case with the District Court of the United States, which, though a court of limited, is not a court of inferior jurisdiction, whose judgments taken alone are to be disregarded. Turner vs. Bank North America, 4 Dall., 8; 10 Whea. R. 192, McCormick vs. Sullivant.

We think the bill sufficient, and that the demurrer should have been overruled.

Judgment reversed and cause remanded.