## Casimir P. Boinay v. Wm. Coats.

*Injunction: Superior equity.* In order to authorise an injunction against the enforcement of a legal right, a case must be made out showing a clear equity, superior to that of the legal owner, and such as in a court of equity would control it.

*Injunction: Party.* The rules and statutes imposing conditions on the issuing of injunctions to stay proceedings at law, are not confined to cases where the bill is filed by one of the parties to the legal proceedings, but embrace all attempts to restrain parties at the complaint of any one, from enforcing their rights by legal process.

*Injunction: Circuit Court Commissioner: Jurisdiction.* An injunction to stay proceedings at law can in no case be granted by a Circuit Court Commissioner, without notice— *Rule 112* — and an injunction allowed without notice is absolutely void, for want of jurisdiction in the commissioner.

A Circuit Court Commissioner can not set aside the action of a Circuit Judge or Court.

*Order: Appeal.* An order merely dissolving a temporary injunction, is not appealable.

*Heard October 15th.    Decided October 20th.*

Appeal in Chancery from Wayne Circuit.

The bill in this cause was filed to enjoin defendant from disturbing complainant's possession of certain premises by

virtue of certain proceedings at law which defendant had instituted.

An *ex parte* injunction was granted by a Circuit Court Commissioner on the affidavit of complainant.

The defendant entered a motion in the Circuit Court to dissolve the same. The complainant also notified the defendant that, at the hearing of the same, he would ask the court that an injunction be granted by the court upon the bill, and that certain proceedings at law in said court be stayed.

The court dissolved the injunction, and refused complainant's motion; whereupon complainant appealed.

*Levi Bishop,* for complainant.

1. This case may be determined upon familiar principles of elementary law.

The injunction prayed was the sole object sought by the bill.

The injunction was allowed by a commissioner, and the defendant, without making any defense whatever to the suit, moved to dissolve the injunction, and resisted the motion made by the complainant for another, if the one already issued should be dissolved.

2. In such a proceeding the bill is taken as admitted to be true by the defendant. It is in fact equivalent to a demurrer *ore tenus.*

And not only is the bill in such case admitted to be true, but every intendment and deduction, which can be fairly drawn from its language, taken in its plain and ordinary sense, is to prevail against him who makes the admission.—*Hilliard on Injunctions, Chap. 3,* §§ *12, 20, 23, 25; Walker Ch. 9.*

3. Whatever might be the legal rights of Mr. Coats and Mr. Campau *inter sese,* of which the complainant had no notice, and with which he had nothing to do, he sets forth

strong grounds for relief by injunction, for the reasons, amongst others, set forth by this court in the case of *Campau* against *Coats*, that "new rights had accrued" in his favor, and an "innocent party had obtained rights," which ought to be protected.—*17 Mich. 235.*

4. This was not a bill to stay proceedings at law, which takes place only between parties to the suit at law, or by or on behalf of some party or parties thereto.

It is a bill to prevent irreparable injury from threatened proceedings under color of law, and under color of official authority.

It is therefore in its principal features a bill *quia timet* brought because we fear the threatened injury.

In this view the objection, that the injunction was allowed without notice under rule 112, had no force.

Or, if it had force, still our motion for an injunction, to be allowed by the court at the hearing, ought to have been allowed.

5. An appeal lies from both parts of this order, viz. that part dissolving the injunction, and that part by which another was refused.

That order involved the whole merits of the case, as did the discussion of the motions by which it was elicited.

Injunctions and receivers stand upon the same footing. As a general thing, both are but ancillary to the more general relief sought by the suit. The one takes property into the hands of the court by its officer; the other holds the property where it is in the hands of the party.

When such are their object and character, their allowance or disallowance is a matter which rests in the sound discretion of the court, and no appeal lies in such case from its action.

But when the injunction or receiver is the principal object of the bill, especially when such is its only object, and when that object involves the merits of the controversy, then

the order allowing or disallowing the one or the other be-comes a final order, from which an appeal lies to this court. *Hilliard on Injunctions, Chap. 3,* § *15; 14 Mich. 458; 15 Id. 415.*

We ask that the order dissolving the injunction may be reversed; that such injunction may be declared in force; that we may have an injunction as prayed in our bill, and that we may have such other order and directions in the case as may restore us to our rights, and protect us in them.

*S. T. Douglass,* and *C. J. O'Flynn,* for defendant.

1. The order appealed from is not a final order or decree.— *C. L.* § *3,596; 10 Mich. 398.*

2. There is no equity in the bill.

1. Assuming the sufficiency of its averments to show that complainant was a *bona fide* purchaser, then the equi-ties of the parties are equal, and a court of equity will assist neither of them.   It never interferes in behalf of a *bona fide* purchaser who is not within the purview of the recording acts, to prevent the true owner from asserting his rights at law.— *18 Johns. 544, 62, 66; Lead. Cas. in Eq. 2 pt. pp. 88, 89, 94.*

Unless, perhaps where the circumstances are such as to affect the conscience of the defendant, which is not this case.— *Id. 88.*

And the complainant is clearly not within the protection of the recording acts.— *C. L.* § *2748.*

2. The averments of the bill are insufficient to show that complainant was a *bona fide* purchaser.

*a.* The bill does not show that the Campau executors had or pretended to have any title.— *Lead. Cas. in Eq. 2 pt. pp. 77, 93, 95, 102; 4 Russ. 514.*

*b.* Or deny notice, except vaguely and evasively.   Or aver that anything was paid or expended on account of the lease, before the judgment in favor of the executor was set aside, and complainant knew of it.— *Id. 77, 78, 93, 94.*

*c.* The leasehold interest acquired by complainant was a chattel interest—personal property.— *Williams on Real Pr. 8, 9; 2 Kent's Com. 342, 343; 1 Washb. on Real Pr. 315.*

Any equity never interferes to protect, much less to assist even an honest purchaser of personal property against the true owner.—*20 Wend. 268, 275; 2 Kent's Com. 323,—4—5; Williams on Per. Pr. 311, 312.*

3. The order appealed from might properly have been made upon the sole ground that the injunction was to stay proceedings at law, and was granted by the commissioner, without security, in violation of the statute— *C. L. § 3550* — and without notice, in violation of rule.

CAMPBELL J.

Complainant filed a bill stating in substance that one William Coats, a former tenant, having been turned out of possession under a writ of restitution, complainant was put in upon a year's lease by the landlords, or one of them, on the same day, and has since remained in possession, and raised crops still growing. That he had no knowledge of the rights of Coats, who subsequently got the proceedings reversed and obtained an order of restitution, which this bill is filed to enjoin.

There is no pretense set up in the bill that Coats is not legally entitled to the possession, and the facts alleged conclusively show the contrary. Complainant shows no title whatever beyond what any interloper might set up who had ventured to incur expenses of farming on land to which he had no title. And even if he had shown equities which the law could recognize, those of Coats are prior in point of time, and are also attendant upon a legal right; both of which grounds would be conclusive against the bill. The court below was correct in its decision, and its order should be affirmed.

But upon another ground, which we feel bound to notice, the decision must have been sustained, even if the bill

had been meritorious. The injunction granted was a preliminary injunction to stay proceedings at law. It was urged that the rule and statutes imposing conditions on such injunctions only apply where the injunction is obtained by one party to a suit at law against the other. But we can see no force in this claim. A party who has a judgment has a right to enforce it, and it is just as serious an injury to him to have it stayed by one person as by another. In most cases, no one but a party would have any occasion for equitable relief, but, where there is such occasion, the effect of the stay is not changed by the character of the person suing it out; and there is no reason for allowing a third person to obstruct process on any easier terms than a party.

The rule of court concerning Injunction Masters — *Rule 112* — absolutely prohibits them from granting injunctions to stay proceedings at law, without notice previously given to the adverse party. Having no jurisdiction to act without notice, the writ was actually void. It is also deserving of consideration whether the order for injunction was not broad enough to operate as a rescission of an order made by the Circuit Court. The rule does not permit the unseemly spectacle of a subordinate officer overruling the action of a Circuit Judge or Court.

It is also a general rule that no appeal will lie from an order dissolving a temporary injunction, which must always rest in the sound discretion of the Circuit Court. We do not feel called upon to inquire whether there can be any exception to this rule, as we have deemed it proper to express our views upon the other points, and our conclusion renders it unnecessary.

The order below is affirmed, with costs.

The other Justices concurred.