BAKER *v.* DUBOIS.

## James H. Baker v. Amasa Dubois.

*Replevin: Jurisdiction: Affidavit.* The jurisdiction to issue the writ of re-
plevin in the circuit court does not depend under our statutes upon the
affidavit; but the statute contemplates the issuing of the writ before any
affidavit is made, but provides that it shall not be executed till the affi-
davit is made and annexed to it.

*Replevin: Affidavit: Clerical defects: Waiver: Pleading to the merits.* Mere
clerical defects in an affidavit annexed to a writ of replevin are waived
by pleading to the merits.

*Submitted on briefs April 27.     Decided April 30.*

Error to Ingham Circuit.

*Osborn & Pinckney,* for plaintiff in error.

*Lucien Reed,* for defendant in error.

PER CURIAM:

Baker, being sued by Dubois in replevin, pleaded to the
merits, and a jury being sworn to try the issue, he moved
for a non-suit and that the cause be dismissed, and assigned
for cause, that the court had no jurisdiction, for the reason
that the affidavit "upon which," in the language of the
motion, "the writ was issued was an insufficient affidavit,
and gave no authority whatever to this court to issue the
writ; that said affidavit was not in accordance with the
requirements of the statute." The court held that the
defendant's pleading the general issue to the declaration was
a waiver of the informality of the affidavit, and overruled
the motion. This ruling is the only thing objected to, and
we think the court decided correctly. The jurisdiction to
issue the writ of replevin in the circuit court does not
depend upon the affidavit. The statute contemplates the
issuing of the writ before any affidavit is made, but provides
that it shall not be *executed* until the plaintiff in the action,
or some other person having a knowledge of the facts, shall

make *and annex to the writ* an affidavit stating that the plaintiff in such action is then lawfully entitled to the possession of the property *described in the writ;* that the same has not been taken for any tax, assessment or fine, levied by virtue of any law of this state, nor seized under any execution or attachment against the goods and chattels of such *plaintiff* liable to execution, and that such goods and chattels are unlawfully detained by the defendant in such writ.— *§ 6732, C. L.*

The affidavit here was made by the plaintiff's attorney, and he stated that he made it in behalf of the plaintiff. But in that portion of it intended to show that the property was liable to be seized in replevin it set forth "that the same" had "not been taken for any tax," etc., "nor seized under execution *in* attachment against the goods and chattels of this *deponent* liable to execution," etc. The word "in" was used after the word "execution" instead of "or;" and the words "this deponent" were used instead of words describing the plaintiff, as should have been done, inasmuch as the deponent was not the plaintiff. But these defects were merely clerical, and were undoubtedly waived, as suggested by the court.

The judgment should be affirmed, with costs.