<hr />

BYRON E. WARREN v. CHARLES DWYER.

*Trover—Pleading—Chattel mortgage—Assignment for benefit of creditors.*

1. A declaration in trover by an assignee need not aver the assignment to him of the right of action to enforce which the suit is brought; citing *Harvey v. McAdams*, 32 Mich. 472; *Myres v. Yaple*, 60 Id. 339; *Williams v. Raper*, 67 Id. 427; *Hutchinson v. Whitmore*, 90 Id. 255.

2. Plaintiff, as assignee of the beneficiaries in a chattel mortgage, brought trover against the defendant, who, as sheriff, had sold the property on execution in favor of attaching creditors of the mortgagor. There was no evidence tending to show any fraud in the making of the mortgage, or in others executed at about the same time, or that the debts secured were not *bona fide* obligations. And it is held that the giving of the mortgages did not constitute a fraudulent assignment, but was a legitimate transaction; the case being ruled by *Sheldon v. Mann*, 85 Mich. 265; *Warner v. Littlefield*, 89 Id. 329; *Fitzgerald v. McCandlish*, Id. 400.

Error to Washtenaw. (Kinne, J.) Argued April 7, 1892. Decided April 22, 1892.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Julian G. Dickinson*, for appellant.

*Cowles & Jerome,* for plaintiff.

Morse, C. J. The plaintiff sued in trover to recover the value of certain lumber and shingles, and a verdict was directed in his favor for $1,180.80.

This case is ruled by *Sheldon v. Mann,* 85 Mich. 265. See, also, *Warner v. Littlefield,* 89 Id. 329, and *Fitzgerald v. McCandlish,* Id. 400.

The facts are substantially as follows: Prior to 1887, Samuel W. Parsons and George W. Parsons were in partnership in Ypsilanti, running a planing mill. In that year Samuel W. bought out George W., and assumed the indebtedness of the firm. Soon after Samuel W. made an oral agreement with his wife to enter into partnership, under the name of S. W. Parsons & Co. The wife put no money or property into the business, and there was no agreement how much she should contribute, but it was understood that she was to be an equal partner. Quite a large amount of the indebtedness of the old copartnership between Samuel W. and George W Parsons was to the father of Mrs. S. W. Parsons, and it was talked that, when her father died, the part coming to her, as heir at law, would be in the business. When the father died, part of this indebtedness was paid to the other heirs by giving the notes of S. W. Parsons & Co.

November 20; 1889, Parsons and his wife, doing business under the firm name of S. W. Parsons & Co., executed a chattel mortgage to secure certain creditors upon a portion of the copartnership property, and filed the same. This was done without the knowledge of the creditors secured, but they were immediately notified of it by Mr. Parsons, and in a few days accepted the security. Upon the execution of this mortgage, Parsons

requested one Edwin C. Warner to take possession of the property, and act as trustee for the creditors named in this mortgage, which he did. When the creditors first came to Ypsilanti they made arrangements with Warner to hold the possession for them for a few days, as their agent, which he did. The creditors met subsequently, and appointed the plaintiff as their agent to foreclose the mortgage, which he proceeded to do.

After this first mortgage was made, Parsons found that he had unintentionally left out some creditors that he meant to have named in the first mortgage, and he and his wife executed another mortgage, November 21, 1889, covering the same property, securing the parties named in the first mortgage, and also the others that he had inadvertently omitted from it. November 29, 1889, they executed another mortgage to McCullough Bros. on patterns and flasks in their possession; and also, on November 30, a mortgage covering stock, book accounts, machinery, and fixtures to secure a number of creditors whose names appear in said mortgage. Parsons asked the creditors named in the first mortgage to share *pro rata* with those additionally named in the second mortgage, but they refused to do so.

The lumber and shingles involved in this suit were covered by the first mortgage. While the property was in the possession of Edwin C. Warner, but after he had been made the agent of the creditors named in the first mortgage, the defendant, as sheriff of Washtenaw county, levied upon it by virtue of a writ of attachment in favor of Sawyer, Goodman & Co., and against S. W. Parsons & Co., and sold it on execution upon judgment subsequently taken in such attachment suit. The persons named as beneficiaries in this first mortgage, before suit, assigned their cause of action against the sheriff to the plaintiff,

and authorized him to prosecute the same in his own name.

There was no evidence tending to show any fraud in the making of this first mortgage, or any of the others, nor any testimony tending to show that any of the debts thus secured were not *bona fide* obligations. The giving of these mortgages did not constitute a fraudulent assignment, but was a legitimate transaction, for reasons stated in the cases above cited.

It is claimed that individual debts of Samuel W. Parsons were included in this mortgage upon the partnership property; but the proofs show that these debts were incurred by Parsons for the benefit of the copartnership, and were really partnership obligations, and had been assumed as such by the firm.

It is further contended that, as the plaintiff did not allege in his declaration the assignments of the mortgagees' right of action to him, they could not be introduced in evidence; that he could not recover under his declaration, which was in the usual form in trover, under the proofs in the case; citing the following cases: *Draper v. Fletcher*, 26 Mich. 154; *Rose v. Jackson*, 40 Id. 30; *Altman v. Fowler*, 70 Id. 57; *Blackwood v. Brown*, 32 Id. 104; *Cilley v. Van Patten*, 58 Id. 404; *Dayton v. Fargo*, 45 Id. 153. These cases do not apply. In replevin and trover there is an authorized form of declaration for each action which is ordinarily used, and which has been held sufficient in each respectively. These declarations do not undertake to notify defendant of the nature of the plaintiff's title, or what are the evidences of it. These are matters of evidence merely. *Harvey v. McAdams*, 32 Mich. 472; *Myres v. Yaple*, 60 Id. 339; *Williams v. Raper*, 67 Id. 427; *Hutchinson v. Whitmore*, 90 Id. 255.

The judgment of the circuit court is affirmed, with costs.

The other Justices concurred.