RICHARD HINKLE v. EDWARD C. BALDWIN AND HENRY C. LARDS.

*Equity practice—Restraining sale of personalty on execution—Bond.*

1. A complainant is not entitled to a preliminary injunction to restrain an officer from making a sale of personal property levied upon by virtue of an execution lawfully in his hands for collection, without filing the bond required by How. Stat. § 6689.

2. An injunction to restrain the sale of personal property on execution is properly refused where it appears that the complainant gave no notice to the officer of his claim to the property before filing his bill, and that since receiving such notice the officer has taken no steps under the execution, and who, on the hearing, disclaims all right to the property or intention to interfere with it in any way.

Appeal from Lenawee. (Lane, J.) Submitted on briefs October 13, 1892. Decided November 4, 1892.

Bill to restrain defendants from selling certain property seized on execution. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*J. C. Winne,* for complainant.

*Watts, Bean & Smith,* for defendants.

DURAND, J. The bill of complaint was filed in this cause for the purpose of obtaining an injunction to restrain the defendants, who are respectively the sheriff and deputy-sheriff of the county of Lenawee, from selling or disposing of a pile of brick, situated on a certain piece of land in the city of Adrian, and which is specifically described in the bill of complaint.

It is alleged in the bill that these brick had formerly been a portion of an old blacksmith shop situated upon said land, and upon which land, including the blacksmith shop, the complainant had a mortgage lien, and that this building and the brick of which it was constructed constituted the chief value of the lot; that complainant foreclosed his mortgage by advertisement, but that the time for redemption had not expired at the time of the filing of this bill; that the building was taken down by parties claiming some interest in the real estate, and the brick cleaned and piled upon the land; and the complainant

charges that these brick constituted a part of the real estate, and were subject to the lien of his mortgage.

This contention is not denied by the defendants, but at the time the levy was made the defendants supposed that the brick belonged to one Henry C. Lentz, and, so supposing, the levy referred to was made by virtue of an execution then in the hands of the deputy-sheriff.

The record does not disclose that the defendants were informed in any way or manner of complainant's claim until the bill of complaint was filed in this cause. As soon as the defendants learned of complainant's claim to the brick, they ceased to take any further action under the execution, and at the first opportunity offered them in court they disclaimed any intention of doing so after having learned of the facts stated in the bill. Notwithstanding this, the complainant asked the court for a temporary injunction against the defendants, to enjoin them as prayed in the bill. No bond was filed, as required by section 6689, How. Stat., at the time this application was made. After hearing the parties, the court refused to grant the temporary injunction. The cause still being pending, the defendants finally appeared, and demurred to the bill, for the reason, among others, that the complainant did not by his bill state such a cause as ought to entitle him to the relief prayed for, and for the further reason that it does not appear from the bill that either of the defendants had at any time done anything, or threatened anything, showing an intention to ignore complainant's rights. At the final hearing, which was on July 22, 1891, the demurrer was sustained, and the bill dismissed. From this decree the complainant appeals.

The claim for an injunction in this case is based upon the ground that without it the complainant would suffer irreparable injury, and yet the bill fails to show that he

even notified the officer of his claim, or gave him an opportunity to abandon the levy before filing his bill. In this case it would have been at least fair for him to have informed the defendants of his claim, and given them the right to have abandoned the levy without being subjected to costs; and his omission to perform this fair duty creates a condition that did not require the court to go out of its way to sustain him in his technical claim for a writ of injunction.

The application was for an injunction to restrain proceedings at law, viz., to restrain an officer from making a sale of property levied upon by virtue of an execution lawfully in his hands for collection. Complainant was not entitled to a preliminary injunction, even though his bill showed undoubted equities, without filing a bond such as is required by section 6689, How. Stat. That the defendants did not happen to be the judgment creditors can make no difference. "A party who has a judgment has a right to enforce it, and it is just as serious an injury to him to have it stayed by one person as another; * * * and there is no reason for allowing a third person to obstruct process on any easier terms than a party." *Boinay v. Coats,* 17 Mich. 416; *Jenness v. Smith,* 58 Id. 281. This disposes of his right to claim for a temporary injunction.

At the time of the final hearing, which was July 22, 1891, an injunction could not have been of any practical avail. The execution had expired by its own limitation, —60 days. No proceedings had been taken under it after the defendants were informed of the complainant's claim to the brick, and at the hearing in the court below the defendants disclaimed all right to said brick, or any intention to interfere with them in any manner. The court, in the exercise of its plain duty, denied the injunction asked for, and the circuit judge was clearly right, for to

have granted an injunction under the circumstances shown by the record in this case would have been improper.

The decree of the court below is affirmed, with costs of this Court.

The other Justices concurred.