WALTER R. TAYLOR v. GEORGE M. BUCK, CIRCUIT JUDGE OF KALAMAZOO COUNTY.

*Replevin—Affidavit—Amendment.*

It is within the discretion of a circuit judge to permit an amendment of an affidavit in replevin by inserting the word "assessment" in the averment that the property sought to be replevied "has not been taken for any tax, *assessment,* or fine levied by virtue of any law of this State," etc., from which it had been omitted.

*Mandamus.* Argued April 24, 1894. Denied May 4, 1894.

Relator applied for *mandamus* to compel respondent to quash a writ of replevin, and dismiss the proceedings. The facts are stated in the opinion.

*A. D. Harris,* for relator.

*Osborn, Mills & Master,* for respondent.

McGRATH, C. J.  On October 27, 1893, a writ of replevin was issued out of the circuit court at the suit of William H. Golding *et al.* against John S. Sleeper.  On the 4th of January, 1894, defendant entered his appearance in said suit, and a copy of the declaration was served upon his attorney.  On January 25 defendant filed his plea, and served a copy thereof on plaintiffs' attorneys. On January 31, defendant, being an infant, applied to the circuit court for the appointment of a guardian *ad litem*, and relator was appointed such guardian.  On February 5 defendant moved to quash the writ of replevin, and dismiss the proceedings, because the affidavit attached to the writ did not state that the property described had not been taken for any tax, *assessment*, or fine levied by virtue of any law of this State, etc.  The affidavit omitted the word "assessment."  The court permitted plaintiffs to amend the affidavit in that respect.

While the statute requires the affidavit to be attached to the writ before the execution of the writ, the issuance of the writ does not depend upon the affidavit.  The defect was not, therefore, jurisdictional, and the allowance of the amendment was within the discretion of the circuit judge.  *Baker v. Dubois,* 32 Mich. 92.

The writ is therefore denied.

The other Justices concurred.