WAYNE COLORPLATE CO. *v.* WAYNE CIRCUIT JUDGE.

INJUNCTION—STAY OF PROCEEDINGS—BONDS—PARTIES.

> One not party to proceedings at law is not entitled to preliminary injunction enjoining sale of goods and chattels levied upon by officer without filing bond required by statute (3 Comp. Laws 1929, § 14352 *et seq.*), even though bill for injunction showed undoubted equities.

Mandamus by Wayne Colorplate Company, a Michigan corporation, to compel Vincent M. Brennan, Wayne circuit judge, to dissolve an injunction. Submitted February 10, 1931. (Calendar No. 35,448.) Writ granted April 7, 1931. Rehearing denied June 1, 1931.

*Lawrence J. DeFerie,* for plaintiff.

*James Gibbons,* for defendant.

CLARK, J. Wayne Colorplate Company, a corporation, recovered judgment against Bruce H. Wark and others in the Wayne circuit court. The sheriff levied upon certain goods and chattels as belonging to said judgment debtor. Thereupon Annanora E. Wark, claiming to own most of the goods and chattels, filed bill against the judgment creditor, the sheriff, and others to enjoin the proceedings at law. Temporary injunction was issued. Plaintiff here, judgment creditor, moved to dissolve the injunction on the ground that no bond had been filed, as required by statute, 3 Comp. Laws 1915, § 12664 *et seq.* (3 Comp. Laws 1929, § 14352 *et seq.*). The motion was denied.

Plaintiff seeks relief on mandamus requiring the trial court to set aside the order of denial unless Annanora E. Wark shall file, or cause to be filed, within a reasonable time a bond in compliance with the statute.

It is urged that, as Annanora E. Wark was not a party to the proceeding at law, the statute does not apply to her. This is answered by *Boinay* v. *Coats,* 17 Mich. 411, 415:

"The injunction granted was a preliminary injunction to stay proceedings at law. It was urged that the rule and statutes imposing conditions on such injunctions only apply where the injunction is obtained by one party to a suit at law against the other. But we can see no force in this claim. A party who has a judgment has a right to enforce it, and it is just as serious an injury to him to have it stayed by one person as by another. In most cases, no one but a party would have any occasion for equitable relief, but, where there is such occasion, the effect of the stay is not changed by the character of the person suing it out; and there is no reason for allowing a third person to obstruct process on any easier terms than a party."

In *Hinkle* v. *Baldwin,* 93 Mich. 422, in facts somewhat like those in the case at bar, the *Boinay Case* was cited with approval, and a plaintiff, not a party to the proceedings at law, was held not to be entitled to preliminary injunction, even though his bill showed undoubted equities, without filing the bond required by statute.

It follows that the writ will issue, if necessary. Costs to plaintiff against Annanora E. Wark.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.