SIEGMEYER *v.* SMALL.

1. Injunction—Failure to Give Stay Bond.
   Failure to give stay bond justified release of injunction staying summary proceedings, but not dismissal of bill.

2. Judgment—Former Adjudication Must be Pleaded in Bar.
   Former adjudication must be pleaded in bar, and cannot be considered under special appearance and motion to dismiss.

3. Equity—Judgment—Dismissal.
   Bill by vendee for accounting under land contract and to enjoin summary proceedings by vendor was properly dismissed, where judgment in summary proceedings had passed against plaintiff.

Appeal from Oakland; Doty (Frank L.), J.   Submitted April 8, 1931.   (Docket No. 28, Calendar No. 35,345.)   Decided June 1, 1931.

Bill by Mathilde Siegmeyer against Charles E. Small for an accounting under a land contract and to enjoin summary proceeding of ouster.   Bill dismissed.   Plaintiff appeals.   Affirmed.

*Louis B. Ver Wiebe,* for plaintiff.

*Earl L. Phillips,* for defendant.

WIEST, J.   Plaintiff filed the bill herein to have the amount due under a land contract determined and to restrain a summary proceeding brought to oust her from the premises.   Defendant, under special appearance, moved to dismiss the bill because of former adjudication between the parties in the same court, failure of plaintiff to give a bond upon

staying by injunction the summary proceeding, and plaintiff had an adequate remedy at law. The motion was granted, and plaintiff reviews by appeal.

Failure to give a stay bond justified release of the injunction, but not dismissal of the bill. Former adjudication must be pleaded in bar, and cannot be considered under a special appearance and motion to dismiss. The court was in error in adjudging that a former adjudication barred this suit. Such an issue required a plea in bar and proof in support thereof. *Vyse* v. *Richards,* 208 Mich. 383; *Red Star Motor Drivers' Ass'n* v. *City of Detroit,* 244 Mich. 480; *Chatham-Trenary Land Co.* v. *Swigart,* 245 Mich. 430.

The record before us contains the bill of complaint and special motion. The bill of complaint does not present the question of former adjudication. Extrinsic proof was necessary. In the summary proceeding judgment passed against plaintiff, and the bill herein was filed just before writ of restitution could have been issued. The bill was properly dismissed. See *Bassett* v. *Trinity Building Co., ante,* 207; *Pariseau* v. *Trinity Building Co., ante,* 213.

For the reason mentioned, the decree is affirmed, with costs to defendant.

Butzel, C. J., and Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.