THEATRE EQUIPMENT ACCEPTANCE CORP. *v.* BETMAN.

REPLEVIN—ASSIGNMENTS—JURISDICTION—SUFFICIENCY OF AFFIDAVIT
AND WRIT.

Where declaration was sufficient, court acquired jurisdiction in
replevin action, although affidavit and writ of replevin did not
describe plaintiff as assignee of defendant's mortgagee.

Error to Wayne; Merriam (DeWitt H.), J.   Submitted April 17, 1931.   (Docket No. 136, Calendar No. 35,374.)   Decided June 1, 1931.

Replevin by Theatre Equipment Acceptance Corporation, assignee, against Annie Betman, as New Hancock Theatre, and others to recover certain theatre equipment.   Plaintiff reviews order dismissing the action by error.   Reversed, and remanded.

*Wynn, Zinn & Freimuth,* for plaintiff.

*E. A. Fink* and *Lodge & Brown* (*Arthur H. Rice,* of counsel), for defendants.

BUTZEL, C. J.   Defendant Annie Betman, doing business as the New Hancock Theatre, gave a chattel mortgage in part payment for chattels she purchased from the National Theatre Supply Company. Plaintiff Theatre Equipment Acceptance Corporation brought a replevin suit to recover possession of the chattels described in the mortgage.   In an amended declaration, timely filed, it described itself as an assignee of the National Theatre Supply Com-

pany. In neither the affidavit, writ, nor the first declaration filed, did it describe itself as such assignee. Defendant pleaded the general issue, gave notice that it never had any dealings with plaintiff, that there was no default in payments on the mortgage, and claimed a large amount as damages for the alleged unlawful taking.

Defendant Betman filed a motion to dismiss the entire cause of action because plaintiff is not described as assignee of the National Theatre Supply Company in either the affidavit or writ of replevin. It is claimed that for this reason the court did not acquire jurisdiction. The trial court granted the motion, dismissed the action with costs, and ordered that defendants' damages be assessed. Only one question raised need be discussed.

Attention is called to the case of *Warren* v. *Dwyer*, 91 Mich. 414, where, in an action in trover brought by the assignee of a mortgage, it was held unnecessary to aver the assignment in the declaration. The court said:

"It is further contended that, as the plaintiff did not allege in his declaration the assignments of the mortgagees' right of action to him, they could not be introduced in evidence; that he could not recover under his declaration, which was in the usual form in trover, under the proofs in the case; citing the following cases: *Draper* v. *Fletcher*, 26 Mich. 154; *Rose* v. *Jackson*, 40 Mich. 30; *Altman* v. *Fowler*, 70 Mich. 57; *Blackwood* v. *Brown*, 32 Mich. 104; *Cilley* v. *Van Patten*, 58 Mich. 404; *Dayton* v. *Fargo*, 45 Mich. 153. These cases do not apply. In replevin and trover there is an authorized form of declaration for each action which is ordinarily used, and which has been held sufficient in each respectively. These declarations do not undertake to notify defendant of the nature of the plaintiff's title, or what

are the evidences of it. These are matters of evidence merely. *Harvey* v. *McAdams*, 32 Mich. 472; *Myres* v. *Yaple*, 60 Mich. 339; *Williams* v. *Raper*, 67 Mich. 427; *Hutchinson* v. *Whitmore*, 90 Mich. 255 (30 Am. St. Rep. 431).''

The declaration being sufficient in the instant case, and the affidavit and writ conforming with the declaration, the replevin proceedings were properly begun, the court acquired jurisdiction, and the motion to quash should have been denied. The order of the lower court is reversed, with costs, the case remanded to the circuit with directions to enter an order denying the motion, and proceed with the trial.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.