YOUDAN *v.* KELLEY.

1. REPLEVIN—AFFIDAVIT—EXECUTION—EXEMPTIONS.
   Affidavit filed in replevin suit for goods seized under writ of execution *held*, sufficient although it did not use exact words of statute where it did state "affiant has claimed his exemption therein" (3 Comp. Laws 1929, § 14819).

2. SAME—AFFIDAVIT—JURISDICTION.
   Affidavit in replevin suit does not confer jurisdiction to issue the writ nor does it need to be attached to the writ before issuance but must be attached before execution (3 Comp. Laws 1929, § 14819).

3. SAME—DEFECTS IN AFFIDAVIT—WAIVER.
   Defects in affidavit in replevin suit were waived upon pleading to the merits (3 Comp. Laws 1929, § 14819).

4. JUSTICES OF THE PEACE—JURISDICTION—RES JUDICATA.
   Denial by justice's court of motion to quash levy of execution issued by same court which does not have jurisdiction to hear same is not *res judicata* of validity of writ of execution in replevin suit later brought in superior court of Grand Rapids.

5. COURTS—SUPERIOR COURT OF GRAND RAPIDS—JURISDICTION.
   The superior court of Grand Rapids is a court of record having original jurisdiction concurrent with circuit court of Kent county if one of the parties resides in the city (3 Comp. Laws 1929, § 16351).

6. SAME—REPLEVIN—JURISDICTION.
   The superior court of Grand Rapids has jurisdiction of suits for the return of exempt property on the complaint of those subjected to illegal levies (3 Comp. Laws 1929, §§ 14817, 16351).

7. EXEMPTIONS—MOTOR VEHICLES.
   Automobile appraised at $150 *held*, exempt from execution under 3 Comp. Laws 1929, § 14578, subd. 8.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 5, 1934. (Docket No. 48, Calendar No. 37,588.) Decided June 4, 1934.

Replevin by J. Claude Youdan against Fred Kelley and R. K. Branch. Judgment for plaintiff. Defendants appeal. Affirmed.

*Roman F. Glocheski*, for plaintiff.

*Warner, Norcross & Judd* (*Robert J. Wilson*, of counsel), for defendants.

Bushnell, J. In a replevin action brought in the superior court of Grand Rapids, plaintiff secured a judgment against defendants, who are sheriff and deputy sheriff respectively of the county of Kent. Defendants seized plaintiff's automobile, which was later appraised at $150, by virtue of a writ of execution issued out of the justices' court of the city of Grand Rapids, following a judgment against plaintiff in the amount of $156.05. A motion to quash the levy based on a claim of exemption was denied in the justices' court. No appeal was taken. The replevin proceedings were instituted shortly thereafter.

Appellants contend that the affidavit filed in the replevin action is insufficient. The form provided in 3 Comp. Laws 1929, § 14819, was not followed in that the italicized words in the phrase "nor *seized under any execution or attachment* against the goods and chattels of such plaintiff, liable to execution" were omitted. The affidavit says, however, "that the same has been seized by one R. K. Branch, deputy sheriff, upon an execution issued from justice

court and affiant has claimed his exemption therein." This last statement sufficiently indicated that the goods seized were not liable to execution.

While the statute requires the affidavit to be attached to the writ of replevin before its execution, the issuance of the writ does not depend upon the affidavit, nor does it confer jurisdiction to issue the writ. *Taylor* v. *Buck,* 100 Mich. 181; *Baker* v. *Dubois,* 32 Mich. 92. There is nothing in the affidavit inconsistent with plaintiff's claim. *Elliott* v. *Whitmore,* 5 Mich. 532. See, also, *Theatre Equipment Acceptance Corp.* v. *Betman,* 254 Mich. 639. Any defects therein, if there were any, were waived by pleading to the merits. The point was not raised in the court below. *Baker* v. *Dubois, supra.*

The only question raised by the appeal is whether the superior court had the right or jurisdiction to issue a writ of replevin when the chattel was held on a lawful execution issued by one of the justices' courts for the city of Grand Rapids. The validity of the justices' court judgment is not attacked. The only question determined by the replevin action was whether the levy was on exempted property. It is not necessary to determine the effect of the denial of plaintiff's motion to quash the levy in the justices' court, as that question was not raised by defendants' answer, nor was it considered in the court below. Court Rule No. 23, § 3 (1933), *Poy* v. *Allan,* 249 Mich. 527, and *Siegmeyer* v. *Small,* 254 Mich. 679. Since, however, the testimony and exhibits reveal that the motion was heard and denied in the justices' court, we hold that such action on its part did not render the question *res judicata,* for the reason that the justices' court did not have jurisdiction to hear the motion to quash. *King* v. *Bates,* 80 Mich. 367 (20 Am. St. Rep. 518).

The superior court of Grand Rapids is a court of record having original jurisdiction concurrent with the circuit court for the county of Kent, as provided in 3 Comp. Laws 1929, § 16351. In order to confer jurisdiction, it must appear on the face of the process or declaration that one of the parties resides in the city of Grand Rapids. We do not understand that its jurisdiction over the subject-matter or parties is questioned in the matter before us. If so, it is clear that the court had full jurisdiction.

Does its writ of replevin lie against these defendants? The answer is found in the reply to the question: Would a circuit court writ of replevin lie against defendants under the facts presented? This question is well settled by the cases annotated under 3 Comp. Laws 1929, § 14817. The statute gives the court authority to hear replevin suits for the return of exempt property on the complaint of those who have been subjected to illegal levies. *Gottesman* v. *Chipman*, 125 Mich. 60.

The automobile was exempt from execution by reason of 3 Comp. Laws 1929, § 14578, subd. 8. The court had jurisdiction and the judgment is affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.