DOERING *v.* BAKER.

1. BANKRUPTCY—DISCHARGE — AUTOMOBILES — JUDGMENT FOR PERSONAL INJURIES.

Discharge in bankruptcy of motorist against whom pedestrian had secured judgment for personal injuries in municipal court not of record, granted after rendition of judgment, *held,* not ground for an appeal from such judgment in motorist's suit in equity to vacate such judgment, quash execution and have himself and sureties on jail limits bond discharged from liability thereunder (11 USCA, § 35).

2. JUSTICES OF THE PEACE—JUDGMENT—JURISDICTION—DISCHARGE IN BANKRUPTCY.

Judge of municipal court not of record *held,* without jurisdiction to vacate, set aside or render new judgment to take place of one rendered in action brought by minor pedestrian against motorist, in latter's suit in equity to vacate such judgment because of discharge in bankruptcy, rendered months after the judgment.

3. Same—Execution—Motion to Quash—Jurisdiction.

Motorist, who had been discharged in bankruptcy months after rendition of judgment in minor pedestrian's action for personal injuries *held*, without the remedy of motion to quash writ of execution under judgment rendered by judge of municipal court not of record, since such court had no jurisdiction to hear such a motion.

4. Habeas Corpus—Bail.

*Habeas corpus* will not lie for person out on bail in civil action.

5. Mandamus—Municipal Judge—Quashing Execution.

Whether or not mandamus would lie to compel a judge of a municipal court not of record to quash an execution is questionable where he had no power to obey a mandate.

6. Supersedeas—Audita Querela—Court Not of Record.

Propriety of writ of *supersedeas* and its discarded predecessor, *audita querela,* to municipal judge of court not of record after he had lost power to obey mandate thereof *held*, questionable.

7. Same—Character of Writ.

The writ of *supersedeas,* while strictly one of law, nevertheless has certain aspects that resemble a bill in equity.

8. Equity—Stay of Proceeding at Law—Judgment in Tort Case —Discharge in Bankruptcy.

While the jurisdiction of a court of equity to stay proceedings at law after judgment is very limited it is recognized in some exceptional cases, such as where judgment debtor under judgment in tort, rendered in municipal court not of record, is without right of appeal from or relief in such court, municipal judge who tried case made affidavit that judgment was for injuries inflicted in wilful and wanton manner and such finding was basis for judgment he rendered, and judgment debtor has no other forum, since equity will not suffer a wrong to go without a remedy.

Appeal from Jackson; Williams (Benjamin), J. Submitted October 13, 1936. (Docket No. 72, Calendar No. 39,100.) Decided December 8, 1936.

Bill by Paul F. Doering against Grace Baker, next friend of Kenneth Baker, to set aside a judgment,

for release from custody of sheriff, cancellation of
jail limits bond and other relief.    Bill dismissed.
Plaintiff appeals.    Reversed and remanded.

*H. A. Kinch* and *James J. Noon,* for plaintiff.

*Phillip C. Kelly,* for defendant.

BUTZEL, J.    On May 23, 1934, Kenneth Baker, a
minor, recovered a judgment for $500 and costs
against Paul Doering before Honorable Arthur
Wiggins, judge of the municipal court of the city of
Jackson, a court not of record.    A docket entry
shows that plaintiff in that case declared in trespass
on the case for personal injuries received in an auto-
mobile accident "due to the gross negligence of de-
fendant."    A later entry cites the rendition of the
judgment but does not give the nature thereof.    No
opinion or findings of fact were filed.    Approximate-
ly six weeks after the date the judgment was entered
as of record, Doering filed a petition in bankruptcy
and scheduled the judgment as a liability.    It is his
claim that the judgment was not one for wilful and
malicious injury to the person or property of another
under section 17 of the United States bankruptcy act
(42 U. S. Stat. at Large, p. 354; 11 USCA § 35)
and that the discharge in bankruptcy operated as a
release.

On October 17, 1934, almost five months after the
date of the entry of the judgment, Judge Wiggins in
an affidavit deposed that the judgment was for dam-
ages arising out of an automobile accident which was
due to Doering's gross negligence, that the injuries
thus inflicted were committed in a wilful and wanton
manner and that such finding was the basis of the
judgment rendered by deponent.    Doering, however,
claims that the affidavit, made long after the judge

had lost jurisdiction, was of no consequence, besides giving an improper conclusion of law from the facts. Another affidavit filed in the instant case by the attorney for Kenneth Baker states that the boy and his grandfather were struck by an automobile while they were crossing a street in the middle of the block; that they were standing between the car tracks in the middle of the street on a rainy night when Doering struck them with his automobile; that he drove far in excess of the speed limit and that his vision was totally obscured because the windshield was covered with mud that had been splashed from the street.

In July, 1935, the municipal judge issued a writ of *capias ad satisfaciendum,* whereupon Doering was taken into custody by the sheriff. He was subsequently released on a jail limits bond. Shortly thereafter, Doering petitioned the United States district court for an injunction to restrain further action under the body execution. The petition was dismissed without prejudice to the raising of the question of dischargeability in the State courts. On February 28, 1936, Doering began the instant suit in which he seeks to vacate the judgment, quash the execution and have himself and his sureties on the jail limits bond discharged from liability. He claims that the judgment was not one for malicious injuries to the person or property of another under the United States bankruptcy act, § 17, and therefore the discharge in bankruptcy released the judgment. The sole issue in the present case, however, became one of jurisdiction. The judge dismissed the bill on the ground that a court of equity had no jurisdiction in the premises. This is the only question before us at the present time.

The discharge in bankruptcy, granted after the rendition of judgment, obviously would not be a

ground for an appeal. Under the charter of the city of Jackson, a municipal judge is given power to set aside judgments, or grant new trials in the manner of the circuit courts of the State, provided, however, the motion for such action is made within five days after the rendition of the judgment (Jackson City Charter, § 299–8). Since Doering did not receive his discharge in bankruptcy until many months after the rendition of the judgment, the municipal judge had lost all further power or control over it except such as might be necessary to enforce it; he had no power to vacate it, to set it aside or to render a new judgment in its place. *O'Brien* v. *Tallman,* 36 Mich. 13. Doering could not move to quash the writ of execution inasmuch as the justice court did not have jurisdiction to hear such a motion. *King* v. *Bates,* 80 Mich. 367 (20 Am. St. Rep. 518); *Youdan* v. *Kelley,* 267 Mich. 616. *Habeas corpus* would not lie because plaintiff was out on bail. There is considerable question whether mandamus would lie when the municipal judge had no power to obey a mandate, if issued, to quash the execution. *Corby* v. *Durfee,* 96 Mich. 11.

Possibly a writ of *supersedeas* might be the proper remedy, but the use of this writ, as well as its ancient and discarded predecessor, *audita querela,* is quite unfamiliar in our modern practice. The writ of *supersedeas* is provided for by statute in certain cases, but again the query might arise as to the power of the municipal judge to obey the mandate. The writ, while strictly one of law, nevertheless has certain aspects that resemble a bill in equity. It is true that if the judgment had been rendered in a court of record, a motion or petition to the court rendering judgment would have been available. *Nunn* v. *Drieborg,* 235 Mich. 383; *Probst* v. *Jones,* 262 Mich. 678; *Bonnici* v. *Kindsvater,* 275 Mich. 304.

However, a motion or petition would not be proper in a municipal court. *Youdan* v. *Kelley, supra.*

The jurisdiction of courts of equity to stay proceedings at law after judgment is very limited although it is recognized in some exceptional cases. *City Bank & Trust Co.* v. *Hurd,* 179 Mich. 454. We believe that the instant case would be one of the exceptional ones, for if plaintiff has a clear right and is without a remedy, equity will take jurisdiction under certain circumstances on the principle that equity "will not suffer a wrong to go without a remedy." See 1 Pomeroy, Equity Jurisprudence (3d Ed.), p. 704. A bill in equity has been held proper in other jurisdictions in order to obtain relief under similar circumstances. In *Reed* v. *Vaughn,* 10 Mo. 447, a question arose on almost identical facts and the court held that a bill in equity was proper. To like effect, see *Edmondson* v. *King,* 1 Tenn. 425, where the court pointed out that the writ of *audita querela* had merely fallen into disuse and a bill in equity might lie. Also see, *Marsh* v. *Haywood,* 25 Tenn. (6 Humph.) 210.

A bill in equity offered a simple and effective method of presenting the issue and affording such relief as plaintiff in the instant suit would be entitled to. The order of the trial judge dismissing the bill is hereby reversed, with costs to plaintiff, and the case remanded to the trial court for further proceedings.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.