### MCFARLANE v. MCFARLANE.

1. INJUNCTION — TEMPORARY INJUNCTION — JURISDICTION — BANK-RUPTCY.

   A circuit court in chancery has jurisdiction to issue a temporary restraining order against judgment creditor and garnishee defendant on the *ex parte* application of bankrupt judgment debtor (3 Comp. Laws 1929, § 14352).

2. APPEARANCE—SPECIAL APPEARANCE—MOTION TO DISMISS.

   Entry of special appearance and filing of motion for dismissal of restraining order and bill of complaint does not constitute a general appearance.

3. Injunction—Temporary Injunction—Question as to Validity —Special Appearance.

> The question of validity of a preliminary restraining order may properly be raised by motion to dismiss filed by specially appearing defendant (3 Comp. Laws 1929, § 14352).

4. Same—Bond for Stay of Proceedings.

> Statutory requirement that bond for full amount of judgment and damages and costs for preliminary injunction for stay of proceedings except in cases involving fraud is mandatory (3 Comp. Laws 1929, § 14352).

Appeal from Wayne; Callender (Sherman D.), J. Submitted June 11, 1940. (Calendar No. 41,140.) Decided October 7, 1940.

Bill by Walter G. McFarlane against Ethel McFarlane to restrain her from enforcing a judgment against him. From a denial of her motion to dismiss a preliminary injunction, defendant appeals. Reversed.

*Charles Bowles,* for plaintiff.

*Charles O. Crain,* for defendant.

Sharpe, J.  February 6, 1940, plaintiff filed a bill of complaint in the circuit court of Wayne county in which it is alleged that on the 11th day of July, 1938, defendant recovered judgment against plaintiff herein in the sum of $2,092 in the circuit court of Wayne county; that said judgment was recovered under the money provision contained in a decree of divorce entered in Washtenaw county on August 16, 1929; that plaintiff herein filed a petition in bankruptcy for the discharge of all of his debts including the above-mentioned judgment; that on the 5th day of February, 1940, plaintiff received his discharge in bankruptcy; that the judgment is a debt

that is dischargeable in bankruptcy; that during the pendency of the bankruptcy proceedings, the defendant herein caused to be issued a writ of garnishment on said judgment at law addressed to the Motor Products Corporation, in consequence of which the wages of plaintiff are withheld by said garnishee defendant. The bill prayed for the issuance of a temporary and permanent injunction or restraining order restraining defendant during the pendency of the suit from taking any steps or proceedings to enforce collection of the judgment. On February 6, 1940, the trial court issued an *ex parte* order restraining defendant from taking further steps to enforce collection of her judgment pending the suit.

February 8, 1940, the defendant through her attorney entered a special appearance for the purpose of "dismissing the restraining order and dismissing the bill of complaint issued in the above-entitled cause." At the same time defendant filed a motion for the dismissal of the restraining order and bill of complaint in which it is alleged that the injunction or restraining order was issued in violation of and contrary to 3 Comp. Laws 1929, § 14352 (Stat. Ann. § 27.1120), which requires the plaintiff to file a bond equal to the full amount of the judgment which shall be first deposited by the party applying for such injunction or restraining order.

On February 9, 1940, the trial court denied defendant's motion. The reason given by the trial court in denying the motion to vacate the temporary restraining order was that plaintiff's discharge in bankruptcy discharged the judgment.

Defendant appeals after leave granted from the denial of her motion to dismiss the injunction and contends that the action instituted by plaintiff is one to stay proceedings at law and comes within

the purview of 3 Comp. Laws 1929, § 14352, which reads as follows: ''No injunction shall issue to stay proceedings at law in any personal action, after judgment, unless: 1. A sum of money equal to the full amount of such judgment, including costs shall be first deposited by the party applying for such injunction, or a bond in lieu thereof be given as hereinafter directed; and, 2. Unless such party, in addition to such deposit or bond in lieu thereof, shall also execute a bond with one or more sufficient sureties, to the plaintiff in such judgment, in such sum as the circuit judge or officer allowing the injunction shall direct, conditioned for the payment to the said plaintiff, or his legal representatives, of all such damages, and costs, as may be awarded to them by the court, at the final hearing of the cause.'' And that an injunction issued without requiring such bond is a nullity.

It is urged by plaintiff that a bond was not necessary to restrain the collection of a judgment which had been discharged in bankruptcy; and that the defendant could not question the validity of the restraining order and ask that the bill of complaint be dismissed without having filed a general appearance.

In deciding this cause we have in mind that the circuit court in chancery, upon the filing of the bill of complaint, had jurisdiction of the cause and authority to issue a temporary restraining order; that when defendant entered a special appearance and filed a motion for the dismissal of the restraining order and bill of complaint, it did not constitute a general appearance, see *Woodliff* v. *Baker,* 279 Mich. 356; and that no service of process was made upon the defendant. We also have in mind that defendant's appeal is only from the denial of her motion to dismiss the restraining order.

In our opinion the only question requiring decision is the validity of the restraining order. In *Siegmeyer* v. *Small*, 254 Mich. 679, we held that the validity of a preliminary restraining order was properly raised by defendant appearing specially and moving to dismiss such order.

In *Gross* v. *Kellner*, 242 Mich. 656, this court said:

"By injunction the circuit court stayed all proceedings in the action at law and should have required plaintiff to give bond. The statute (3 Comp. Laws 1915, § 12664 [3 Comp. Laws 1929, § 14352 (Stat. Ann. § 27.1120)]) requires a bond be given, except in case of actual fraud. 3 Comp. Laws 1915, § 12670 (3 Comp. Laws 1929, § 14358 [Stat. Ann. § 27.1126]).

"In the particular mentioned the bill does not allege actual fraud and the circuit court is directed to require that a bond be given or, in default thereof, dissolve the stay."

See, also, *Hinkle* v. *Baldwin*, 93 Mich. 422; *Wayne Colorplate Co.* v. *Wayne Circuit Judge*, 253 Mich. 666.

In 3 Searl, Michigan Practice, § 1164, p. 146, it is said:

"The rule to be gathered from all these cases (arising under 3 Comp. Laws 1929, §§ 14350–14355 [Stat. Ann. §§ 27.1118–27.1123]), is that the failure to file a bond in cases not coming within the exception where bond may be dispensed with, does not divest the court of jurisdiction but is a ground for dissolution of a preliminary injunction and that, where the question is raised, the court may permit the filing of such bond within a reasonable time."

Under the statute and the cases cited, the requirement of a bond for a preliminary injunction is clearly

mandatory except in cases of actual fraud. In the case at bar, the bill of complaint does not allege fraud.

The order of the trial court is reversed, with costs to defendant.

Bushnell, C. J., and Boyles, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.